# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1574

_____

Philip Petrone, on behalf of themselves and all those similarly situated; Stewart Fisher, on behalf of themselves and all those similarly situated; Jasbir Singh, on behalf of themselves and all those similarly situated; Brian Pankz, on behalf of themselves and all those similarly situated; Jason Dewayne Gunn; Ahmad Abdinasir; Adam F. Akhalu; Latoshia Denise Anderson; Derek C. Anglero; Alan Blane Arthur; Christopher Ayala; Timothy McCabe Bailey; Csaba G. Barabas; Henry Barentine; Joseph E. Barker; Diego Barraza; Richard Clair Bash; Terry Lee Batko; Elizabeth Baumgartel; Jeremy Alfred Bennett; Gary M. Bernstine; Stacy Lynn Bluebird; Rafarel K. Boadu; Damien Marcus Boyer; Christina Bradley; Elias Bratcher; Justin Bristol; Karl Matthew Emerson; Scott A. Larrow; Steve N. Neely; Tonya McDonald; Micheal Anthony Brooks; Nicholas Brown; Olivia Bryant; Lawrence F. Bunkowski; David Burgess; Steven Dale Burgess; Justin Burkholder; Richard Calvert; Johnny Carter; Brett Carty; Joel Castaneda-Dominguez; Lawrence Edward Cecil; Issac Houston Chase; Paul Cleaver; Thomas Ricky Coker; Kenya Dyone Collins; Michael Ray Combs; Kenneth Ray Cook; Victor Chavarria; Kenneth B. Cloud; Richard Copley; Howard Corley, Jr.; Jeffrey G. Crissman; Jimmy Carl Criswell; Thomas Cross; Francisco Cruz; James Michael Cullity; Kabik Daam; Wilson M. Dagaye; David Davila; Michael Scott Davis; Jermey Leonard Dawson; Perry A. Deeke; David Andrew Delisi; Louis James Dietry; John Michael Doss; Steven Dubinsky; Luis Duran Saldivar; Carl Eberhardt; Harcourt P. Edgecombe; Douglas Allen Elbon; Terry Lee Elkins; Paul Terry Elliott, Jr.; Mark C. Eure; Seth Fezatte; Roscoe W. Forman; Anthony Frank; Nathaniel Anthony Frazier, Jr.; Ernest G. Fulp, Jr.; Peter Liyayi Gaitano; Jose Garcia-Gonzalez; JoAnna Hancock Geddings; Clair Henry Gilmore, Jr.; Fred Glass, III; John Christopher Glover; Jean Marie Gogolin; Steven Scott Goodman; Tamaro R. Graham; Eric Franklin Green; August William Grow; Gary Eugene Gude; Debra Paula Gugle; Fardrel J. Guice; Shaun Phillip Guthrie; Randy Halcomb; Kathleen M. Hallmark; D'Andre LeMare Handy; John Robert Hardin; Robert William Herrmann; Gail Marie Hess; Annette Fay Holder; Charles Roy Honacher; Michael Hossler; Robert Edward Howes; Brett Allen Huckstep; Byron Huffin; Loman Hutchings; Delandos Jackson; Morris Jacobs, Jr.; Daniel Jefferson;

Ciera Lillian Jenkins; Darrell Wayne Johnson; David Allen Jones; Michael T. Jones; Willie Lee Jones, Sr.; Michael A. Karpouskas; Behzad Kazemiseresht; Gary Ward Kennerly; Kristopher Kibby; Ronald L. Kilpatrick; Nathan Phillip Koehler; Michael Kovacsi; Timothy Michael Kyser; Martha L. Lantz; Alonza David Lee; Guertho Lemorin; Darran LaVan Lewis; Joshua Brooke Lipham; Russell E. Lourwood; Paul Lowe; Stacey Marie Lowe; Krystel Lucas; Kevin L. Maehrer; Jonathan Michael Magnuson; James Mancuso; Jeremy L. Maness; Thomas C. Marchione; William Clyde Marks; David Jacob Marrs; Norrek McCarty; Matthew Jay McDaniel; David Andrew McDevitt; Samuel Ray McMillian; Doug Anthony McSwain; Jack Dean Michael; Steven Richard Milstead; Robert John Monroe; Carl Montgomery; Gary C. Montgomery; Debra A. Moore; Michael W. Moore; Clell Morgan, II; John Anthony Morris; Michael Wayne Murray; Lorene Musabelli; Nathan Joel Nadell; Saleh M. Nasser; Chad Michael Newsome; Aaron Jermain Nixon; Luis S. Ogando Colon; Peter B. Oh; Marcus Oscar Orr; Christopher Otto; Donald Wade Owens; Charles D. Paglicco, Jr.; James G. Paige, Jr.; Matthew Pereira; Michael Andrew Pertle; William James Petty, Jr.; Jarrod Scott Pitts; Joseph Pusateri; Noel Ramirez; Steven M. Ramsey; John Manson Ray; Heath Daniel Reams; Jasper U. Reaves; John Reddick; Benjamin Reno; Oscar Reyes; Brandon Richard; Gregory Scott Vian Risdon; Clarence Robinson; Rayo Emmiito Robinson; Barney Robson; Brandon Roldan; William Thomas Roop; Curtis Ryals; Nickilas Sams; Franklin L. Schmidt, III; Barbara Ann Scoby; Joseph Franklin Scott; Robert A. Scott, III; Vernon B. Seaborn, Jr.; Michael A. Sederquist; Phillip Wayne Senecal; Guillermo Serrano-Lopez; Pablo A. Serrano-Lopez; Charles Shackelford; Katherine P. Shoemaker; Howard Arthur Singer; Harpal Singh; Dennis Dean Smith; Kyle Anthony Smith; Randy Shane Smith; Timothy Leonardo Smith; Quitz Snider; Richard Adam Solomon; Roman Stelter; Winston Stewart; Shawn Michael Stone; Derick Lynn Sullins; James Julian Alan Surrency; Tim Swadley; George A. Tapia; Shannon Leigh Terry; Noulieng Thisanakone; Dan Vilaythong; Erick Thompkins; Brennon Thompson; Stephen Loyd Tillerson; David Wright Tillman; Kevin Toll; Richard F. Torrisi; Jeffrey S. Torsrud; Gregory D. Trent; Jose Valentine; Luanne Santoro Voght; Wayne Woodrow Waite; David C. Waldron; Marisa Sabrinda Walker; Robert Wallace; Lance Wallace; Patrick Mark Walters; Steven Anthony Wasson; Joseph Kane Weatherford; Derrick Earl Webb; Stacey Webb; Trey Anthony Webber; Keeley Wheeler, Jr.; Johnny Keith White; Kacy Fonteze Williams; Tiffany Nicole Williams; Steven M. Willis; Larry Nathaniel Clinton, Jr.; Reia Winn; Marlon Dewayne Witcham; Devon Terelle Wofford; William Wood;

Mark Antonio Woods; Warren R. Wright; Carisma Concetta Weiss; James Matthew Potts; Bryan James Pratt; David Frank Pressley; John Jason Pryor; Robert Lee Plunkett

*Plaintiffs - Appellants*

v.

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellees*

_____

No. 18-1647

_____

Philip Petrone, on behalf of themselves and all those similarly situated; Stewart Fisher, on behalf of themselves and all those similarly situated; Jasbir Singh, on behalf of themselves and all those similarly situated; Brian Pankz, on behalf of themselves and all those similarly situated; Jason Dewayne Gunn; Ahmad Abdinasir; Adam F. Akhalu; Latoshia Denise Anderson; Derek C. Anglero; Alan Blane Arthur; Christopher Ayala; Timothy McCabe Bailey; Csaba G. Barabas; Henry Barentine; Joseph E. Barker; Diego Barraza; Richard Clair Bash; Terry Lee Batko; Elizabeth Baumgartel; Jeremy Alfred Bennett; Gary M. Bernstine; Stacy Lynn Bluebird; Rafarel K. Boadu; Damien Marcus Boyer; Christina Bradley; Elias Bratcher; Justin Bristol; Karl Matthew Emerson; Scott A. Larrow; Steve N. Neely; Tonya McDonald; Micheal Anthony Brooks; Nicholas Brown; Olivia Bryant; Lawrence F. Bunkowski; David Burgess; Steven Dale Burgess; Justin Burkholder; Richard Calvert; Johnny Carter; Brett Carty; Joel Castaneda-Dominguez; Lawrence Edward Cecil; Issac Houston Chase; Victor Chavarria; Paul Cleaver; Larry Nathaniel Clinton, Jr.; Kenneth B. Cloud; Thomas Ricky Coker; Kenya Dyone Collins; Michael Ray Combs; Kenneth Ray Cook; Richard Copley; Howard Corley, Jr.; Jeffrey G. Crissman; Jimmy Carl Criswell; Thomas Cross; Francisco Cruz; James Michael Cullity; Kabik Daam; Wilson M. Dagaye; David Davila; Michael Scott Davis; Jermey Leonard Dawson; Perry A. Deeke; David Andrew Delisi; Louis James Dietry; John Michael Doss; Steven Dubinsky; Luis

Duran Saldivar; Carl Eberhardt; Harcourt P. Edgecombe; Douglas Allen Elbon; Terry Lee Elkins; Paul Terry Elliott, Jr.; Mark C. Eure; Seth Fezatte; Roscoe W. Forman; Anthony Frank; Nathaniel Anthony Frazier, Jr.; Ernest G. Fulp, Jr.; Peter Liyayi Gaitano; Jose Garcia-Gonzalez; JoAnna Hancock Geddings; Clair Henry Gilmore, Jr.; Fred Glass, III; John Christopher Glover; Jean Marie Gogolin; Steven Scott Goodman; Tamaro R. Graham; Eric Franklin Green; August William Grow; Gary Eugene Gude; Debra Paula Gugle; Fardrel J. Guice; Shaun Phillip Guthrie; Randy Halcomb; Kathleen M. Hallmark; D'Andre LeMare Handy; John Robert Hardin; Robert William Herrmann; Gail Marie Hess; Annette Fay Holder; Charles Roy Honacher; Michael Hossler; Robert Edward Howes; Brett Allen Huckstep; Byron Huffin; Loman Hutchings; Delandos Jackson; Morris Jacobs, Jr.; Daniel Jefferson; Ciera Lillian Jenkins; Darrell Wayne Johnson; David Allen Jones; Michael T. Jones; Willie Lee Jones, Sr.; Michael A. Karpouskas; Behzad Kazemiseresht; Gary Ward Kennerly; Kristopher Kibby; Ronald L. Kilpatrick; Nathan Phillip Koehler; Michael Kovacsi; Timothy Michael Kyser; Martha L. Lantz; Alonza David Lee; Guertho Lemorin; Darran LaVan Lewis; Joshua Brooke Lipham; Russell E. Lourwood; Paul Lowe; Stacey Marie Lowe; Krystel Lucas; Kevin L. Maehrer; Jonathan Michael Magnuson; James Mancuso; Jeremy L. Maness; Thomas C. Marchione; William Clyde Marks; David Jacob Marrs; Norrek McCarty; Matthew Jay McDaniel; David Andrew McDevitt; Samuel Ray McMillian; Doug Anthony McSwain; Jack Dean Michael; Steven Richard Milstead; Robert John Monroe; Carl Montgomery; Gary C. Montgomery; Debra A. Moore; Michael W. Moore; Clell Morgan, II; John Anthony Morris; Michael Wayne Murray; Lorene Musabelli; Nathan Joel Nadell; Saleh M. Nasser; Chad Michael Newsome; Aaron Jermain Nixon; Luis S. Ogando Colon; Peter B. Oh; Marcus Oscar Orr; Christopher Otto; Donald Wade Owens; Charles D. Paglicco, Jr.; James G. Paige, Jr.; Matthew Pereira; Michael Andrew Pertle; William James Petty, Jr.; Jarrod Scott Pitts; Robert Lee Plunkett; James Matthew Potts; Bryan James Pratt; David Frank Pressley; John Jason Pryor; Joseph Pusateri; Noel Ramirez; Steven M. Ramsey; John Manson Ray; Heath Daniel Reams; Jasper U. Reaves; John Reddick; Benjamin Reno; Oscar Reyes; Brandon Richard; Gregory Scott Vian Risdon; Clarence Robinson; Rayo Emmiito Robinson; Barney Robson; Brandon Roldan; William Thomas Roop; Curtis Ryals; Nickilas Sams; Franklin L. Schmidt, III; Barbara Ann Scoby; Joseph Franklin Scott; Robert A. Scott, III; Vernon B. Seaborn, Jr.; Michael A. Sederquist; Phillip Wayne Senecal; Guillermo Serrano-Lopez; Pablo A. Serrano-Lopez; Charles Shackelford; Katherine P. Shoemaker; Howard Arthur Singer; Harpal Singh; Dennis Dean Smith; Kyle

Anthony Smith; Randy Shane Smith; Timothy Leonardo Smith; Quitz Snider; Richard Adam Solomon; Roman Stelter; Winston Stewart; Shawn Michael Stone; Derick Lynn Sullins; James Julian Alan Surrency; Tim Swadley; George A. Tapia; Shannon Leigh Terry; Noulieng Thisanakone; Dan Vilaythong; Erick Thompkins; Brennon Thompson; Stephen Loyd Tillerson; David Wright Tillman; Kevin Toll; Richard F. Torrisi; Jeffrey S. Torsrud; Gregory D. Trent; Jose Valentine; Luanne Santoro Voght; Wayne Woodrow Waite; David C. Waldron; Marisa Sabrinda Walker; Robert Wallace; Lance Wallace; Patrick Mark Walters; Steven Anthony Wasson; Joseph Kane Weatherford; Derrick Earl Webb; Stacey Webb; Trey Anthony Webber; Keeley Wheeler, Jr.; Johnny Keith White; Kacy Fonteze Williams; Tiffany Nicole Williams; Steven M. Willis; Reia Winn; Marlon Dewayne Witcham; Devon Terelle Wofford; William Wood; Mark Antonio Woods; Warren R. Wright; Carisma Concetta Weiss

*Plaintiffs - Appellees*

v.

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellants*

_____

No. 18-2116

_____

Philip Petrone, on behalf of themselves and all those similarly situated; Stewart Fisher, on behalf of themselves and all those similarly situated; Jasbir Singh, on behalf of themselves and all those similarly situated; Brian Pankz, on behalf of themselves and all those similarly situated; Jason Dewayne Gunn; Ahmad Abdinasir; Adam F. Akhalu; Latoshia Denise Anderson; Derek C. Anglero; Alan Blane Arthur; Christopher Ayala; Timothy McCabe Bailey; Csaba G. Barabas; Henry Barentine; Joseph E. Barker; Diego Barraza; Richard Clair Bash; Terry Lee Batko; Elizabeth Baumgartel; Jeremy Alfred Bennett; Gary M. Bernstine; Stacy Lynn Bluebird; Rafarel K. Boadu; Damien Marcus Boyer; Christina Bradley; Elias Bratcher; Justin Bristol; Karl Matthew Emerson; Scott A. Larrow; Steve N. Neely;

Tonya McDonald; Micheal Anthony Brooks; Nicholas Brown; Olivia Bryant; Lawrence F. Bunkowski; David Burgess; Steven Dale Burgess; Justin Burkholder; Richard Calvert; Johnny Carter; Brett Carty; Joel Castaneda-Dominguez; Lawrence Edward Cecil; Issac Houston Chase; Paul Cleaver; Thomas Ricky Coker; Kenya Dyone Collins; Michael Ray Combs; Kenneth Ray Cook; Victor Chavarria; Kenneth B. Cloud; Richard Copley; Howard Corley, Jr.; Jeffrey G. Crissman; Jimmy Carl Criswell; Thomas Cross; Francisco Cruz; James Michael Cullity; Kabik Daam; Wilson M. Dagaye; David Davila; Michael Scott Davis; Jermey Leonard Dawson; Perry A. Deeke; David Andrew Delisi; Louis James Dietry; John Michael Doss; Steven Dubinsky; Luis Duran Saldivar; Carl Eberhardt; Harcourt P. Edgecombe; Douglas Allen Elbon; Terry Lee Elkins; Paul Terry Elliott, Jr.; Mark C. Eure; Seth Fezatte; Roscoe W. Forman; Anthony Frank; Nathaniel Anthony Frazier, Jr.; Ernest G. Fulp, Jr.; Peter Liyayi Gaitano; Jose Garcia-Gonzalez; JoAnna Hancock Geddings; Clair Henry Gilmore, Jr.; Fred Glass, III; John Christopher Glover; Jean Marie Gogolin; Steven Scott Goodman; Tamaro R. Graham; Eric Franklin Green; August William Grow; Gary Eugene Gude; Debra Paula Gugle; Fardrel J. Guice; Shaun Phillip Guthrie; Randy Halcomb; Kathleen M. Hallmark; D'Andre LeMare Handy; John Robert Hardin; Robert William Herrmann; Gail Marie Hess; Annette Fay Holder; Charles Roy Honacher; Michael Hossler; Robert Edward Howes; Brett Allen Huckstep; Byron Huffin; Loman Hutchings; Delandos Jackson; Morris Jacobs, Jr.; Daniel Jefferson; Ciera Lillian Jenkins; Darrell Wayne Johnson; David Allen Jones; Michael T. Jones; Willie Lee Jones, Sr.; Michael A. Karpouskas; Behzad Kazemiseresht; Gary Ward Kennerly; Kristopher Kibby; Ronald L. Kilpatrick; Nathan Phillip Koehler; Michael Kovacsi; Timothy Michael Kyser; Martha L. Lantz; Alonza David Lee; Guertho Lemorin; Darran LaVan Lewis; Joshua Brooke Lipham; Russell E. Lourwood; Paul Lowe; Stacey Marie Lowe; Krystel Lucas; Kevin L. Maehrer; Jonathan Michael Magnuson; James Mancuso; Jeremy L. Maness; Thomas C. Marchione; William Clyde Marks; David Jacob Marrs; Norrek McCarty; Matthew Jay McDaniel; David Andrew McDevitt; Samuel Ray McMillian; Doug Anthony McSwain; Jack Dean Michael; Steven Richard Milstead; Robert John Monroe; Carl Montgomery; Gary C. Montgomery; Debra A. Moore; Michael W. Moore; Clell Morgan, II; John Anthony Morris; Michael Wayne Murray; Lorene Musabelli; Nathan Joel Nadell; Saleh M. Nasser; Chad Michael Newsome; Aaron Jermain Nixon; Luis S. Ogando Colon; Peter B. Oh; Marcus Oscar Orr; Christopher Otto; Donald Wade Owens; Charles D. Paglicco, Jr.; James G. Paige, Jr.; Matthew Pereira; Michael Andrew Pertle; William James

Petty, Jr.; Jarrod Scott Pitts; Joseph Pusateri; Noel Ramirez; Steven M. Ramsey; John Manson Ray; Heath Daniel Reams; Jasper U. Reaves; John Reddick; Benjamin Reno; Oscar Reyes; Brandon Richard; Gregory Scott Vian Risdon; Clarence Robinson; Rayo Emmiito Robinson; Barney Robson; Brandon Roldan; William Thomas Roop; Curtis Ryals; Nickilas Sams; Franklin L. Schmidt, III; Barbara Ann Scoby; Joseph Franklin Scott; Robert A. Scott, III; Vernon B. Seaborn, Jr.; Michael A. Sederquist; Phillip Wayne Senecal; Guillermo Serrano-Lopez; Pablo A. Serrano-Lopez; Charles Shackelford; Katherine P. Shoemaker; Howard Arthur Singer; Harpal Singh; Dennis Dean Smith; Kyle Anthony Smith; Randy Shane Smith; Timothy Leonardo Smith; Quitz Snider; Richard Adam Solomon; Roman Stelter; Winston Stewart; Shawn Michael Stone; Derick Lynn Sullins; James Julian Alan Surrency; Tim Swadley; George A. Tapia; Shannon Leigh Terry; Noulieng Thisanakone; Dan Vilaythong; Erick Thompkins; Brennon Thompson; Stephen Loyd Tillerson; David Wright Tillman; Kevin Toll; Richard F. Torrisi; Jeffrey S. Torsrud; Gregory D. Trent; Jose Valentine; Luanne Santoro Voght; Wayne Woodrow Waite; David C. Waldron; Marisa Sabrinda Walker; Robert Wallace; Lance Wallace; Patrick Mark Walters; Steven Anthony Wasson; Joseph Kane Weatherford; Derrick Earl Webb; Stacey Webb; Trey Anthony Webber; Keeley Wheeler, Jr.; Johnny Keith White; Kacy Fonteze Williams; Tiffany Nicole Williams; Steven M. Willis; Reia Winn; Larry Nathaniel Clinton, Jr.; Marlon Dewayne Witcham; Devon Terelle Wofford; William Wood; Mark Antonio Woods; Warren R. Wright; Carisma Concetta Weiss; James Matthew Potts; Bryan James Pratt; David Frank Pressley; John Jason Pryor; Robert Lee Plunkett

*Plaintiffs - Appellants*

v.

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellees*

————————

Appeals from United States District Court
for the District of Nebraska - Omaha

————————

-7-

Submitted: May 14, 2019
Filed: October 10, 2019
_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Philip Petrone and others (collectively, Plaintiffs) filed a class action against Werner Enterprises, Inc. and Drivers Management, LLC (collectively, Defendants) arising out of an eight-week student-driver training program operated by Defendants and intended for new truck drivers. Plaintiffs alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and Nebraska law, and sought compensation for unpaid wages allegedly earned during off-duty time spent on short rest breaks and while resting in their trucks' sleeper berths. Before trial, the district court granted Plaintiffs' motion to modify the court's previously entered Rule 16(b) progression order and extend the deadline for disclosure of expert reports after the court-imposed deadline had expired.

Following a three-day trial, the jury awarded Plaintiffs $779,127.00 in damages for their short-rest-break claims and found Defendants not liable on Plaintiffs' sleeper-berth claims. After trial, the district court awarded Plaintiffs a reduced amount of liquidated damages under the FLSA and a reduced amount of attorney's fees, nontaxable costs, and expenses; refused to award Plaintiffs certain taxable costs due to their failure to comply with a local rule; and awarded costs to Defendants on the sleeper-berth claims as the prevailing party.

Plaintiffs appeal the district court's post-trial rulings, and Defendants cross-appeal the court's pre-trial ruling. We agree with Defendants that the district court abused its discretion by granting Plaintiffs' request to extend the Rule 16(b)

disclosure deadline, despite finding that good cause for the extension had not been shown, based on an erroneous application of Rule 37(c)(1). Having jurisdiction under 28 U.S.C. § 1291, we vacate the judgment and remand.

I.

Because it is dispositive, we begin with Defendants' cross-appeal, and recite only the facts necessary to the disposition of that issue. By a "progression order" entered on July 3, 2013, the district court set January 15, 2014 as the deadline for the parties to disclose expert witness reports. Plaintiffs timely disclosed their expert reports. However, Defendants' deposition of Plaintiffs' expert "reveal[ed] considerable flaws in the methodology for computing the allegedly uncompensated break and sleeper-berth time." Mem. & Order 2, Dist. Ct. Dkt. 275.[1] For instance, "some times were double counted and some periods were artificially split into two separate breaks when they spanned 12:00 a.m.[,]" which resulted in "inconsistent and inflated estimates of the disputed time periods[,]" and Plaintiffs' expert "admitted as much in his deposition." Mem. & Order 2-3.

Well after the court-imposed deadline for the filing of expert reports had passed, Plaintiffs, "pursuant to Rule 16(b)," moved to "modify[] the Progression Order to permit [them] to file a supplemental expert report[,]" which corrected the flaws that the expert's deposition had revealed. Mot. to Modify Progression Order 1, Dist. Ct. Dkt. 234.

The district court declined to characterize the belated expert report as a "supplement" because a supplement "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." Mem. & Order 3 (citations omitted). The court

_____

[1]We will refer to filings made in No. 8:11-cv-00401 when citing the district court's docket.

determined that nothing "precluded plaintiffs' expert from recognizing the flaws in his original report[;] he simply failed to do so." Mem. & Order 3.

The district court stated that, although Rule 26(e) "imposes a duty to supplement incorrect or incomplete information, it does not bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline, even if the rule's pretrial time limit is satisfied, and grants them no right to produce information in a belated fashion." Mem. & Order 3-4 (citation omitted). The court explained that Plaintiffs could not "use the defendants' efforts in uncovering the flaws in [the expert]'s report to hone the methodology and submit a more robust report after their deadline has expired." Mem. & Order 4. The court emphasized that

> more than two months had passed since the deadline for the filing of expert reports, defendants had spent time analyzing the original report, and defendants had deposed plaintiffs' expert; the deadline for submitting Daubert[2] motions was only a month away. In seeking to submit the supplemental report, plaintiffs were imposing on defendants to delay the progression of the case and duplicate work they had already done so that plaintiffs could take advantage of defendants' diligence in finding errors in the report of plaintiffs' own expert. The unfairness of such a maneuver and imposition of additional costs is not harmless.

Mem. & Order 5.

Although the district court found no good cause to extend the disclosure deadline, it determined that, while the delay was neither "substantially justified" nor "harmless" under Rule 37(c), Rule 1 "counsels against complete exclusion of the new information" because it provides "that the rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding" and "indicate[s] a preference for determination of cases on the merits."

---

[2]Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

Mem. & Order 5 (internal quotation marks omitted). Because "[t]he corrected information [was] useful and necessary to the disposition of the case on the merits[,]" the court was "inclined to invoke the discretion granted by Rule 37(c) to fashion a lesser sanction than exclusion." Mem. & Order 5-6.

Accordingly, the district court extended the disclosure deadline and denied all other pending motions without prejudice. Mem. & Order 6. The court also scheduled a planning conference "to establish new deadlines and a new trial date." Mem. & Order 6. And the court provided Defendants with an opportunity, at Plaintiffs' expense, to depose Plaintiffs' expert about the purported supplemental report, and awarded Defendants costs incurred by virtue of the late submission of the report. Mem. & Order 6-7.

II.

Defendants argue that the district court erred in granting Plaintiffs' motion to extend the deadline for disclosing expert reports, despite finding that no good cause had been shown for the extension. Our review is "for clear and prejudicial abuse of discretion[,]" Flesner v. Bayer AG (In re Baycol Prods. Litig.), 596 F.3d 884, 888 (8th Cir. 2010) (internal citation omitted), and de novo over "whether the district court applied the correct legal standard in exercising that discretion[.]" Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 714 (8th Cir. 2008). "A district court abuses its discretion when it applies an incorrect legal standard[.]" Union Elec. Co. v. Energy Ins. Mut. Ltd., 689 F.3d 968, 970 (8th Cir. 2012) (internal citation omitted).

Rule 26(a)(2) provides that a party must disclose the identity of any expert witness along with a written report of such expert, while Rule 26(e) imposes an obligation on the parties to supplement incorrect or incomplete information. Rule 26 also establishes the timing and sequence of such disclosures absent a court order setting these deadlines. Under Rule 16, a court "must issue a scheduling order" and

-11-

such an order "must limit the time to . . . complete discovery[] and file motions." Fed. R. Civ. P. 16(b)(1), (3)(A). "The scheduling order may . . . modify the timing of disclosures under Rule 26(a) . . . [and] set dates for pretrial conferences and for trial[.]" Fed. R. Civ. P. 16(b)(3)(B)(i), (vi). A "district court has broad discretion in establishing and enforcing the deadlines." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006). However, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Marmo, 457 F.3d at 759. In other words, the "good-cause standard is not optional." Sherman, 532 F.3d at 716. "To establish good cause, a party must show its diligence in attempting to meet the progression order." Marmo, 457 F.3d at 759.

We agree with the district court that Plaintiffs did not show good cause to modify and extend the Rule 16(b) deadline. Plaintiffs' expert's substantial revisions to his original report came only after Defendants revealed significant flaws in the original report. Although Plaintiffs' motion framed the revised expert report as a mere supplement under Rule 26(e), Plaintiffs' expert was "materially altering, not merely clarifying his original report," Williams v. TESCO Servs., Inc., 719 F.3d 968, 976 (8th Cir. 2013), and there is no evidence that Plaintiffs subsequently learned of information that was previously unknown or unavailable to them. The district court correctly determined that the revised report is not a Rule 26(e) supplement; it is more appropriately characterized as a new, distinct report subject to the Rule 16(b) deadline for expert disclosures. As the district court noted, nothing "precluded plaintiffs' expert from recognizing the flaws in his original report[;] he simply failed to do so." Mem. & Order 3. Plaintiffs thus failed to show the requisite good cause to extend the expert disclosure deadline.

Nevertheless, relying on Rules 1 and 37(c)(1), the district court modified the schedule, extended the deadline to disclose expert reports. This was error. Nothing in the text of either rule allowed the district court to bypass the mandatory good-cause standard under Rule 16(b)(4). Indeed, such a reading "would render scheduling

-12-

orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sherman, 532 F.3d at 716 (alteration in original) (citation omitted) (discussing interplay between Rule 16(b) and Rule 15). Moreover, the court's reliance on Rule 1 to support its ruling is contrary to the general rule that the "[a]dherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" Marmo, 457 F.3d at 759 (quoting Fed. R. Civ. P. 1).

Additionally, Rule 37(c)(1) was unavailable to the district court. "The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37." Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 702 (8th Cir. 2018) (citing 8B Charles A. Wright, Arthur R. Miller et al., Federal Practice & Procedure § 2289.1 (3d ed. 2018)). However, by its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use the information "on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) says nothing about its applicability when a court considers a motion, pursuant to Rule 16(b), to amend a progression order and extend the deadline for Rule 26 disclosures.[3] The order appealed from in this case, which extended the Rule 16(b) disclosure deadline and permitted Plaintiffs to disclose the new report within the new disclosure deadline, clearly did not involve an attempt by Plaintiffs to "use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P.

---

[3]"[Rule 37(c)(1)] provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A). Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion . . . ." Fed. R. Civ. P. 37(c)(1) advisory committee's note.

37(c)(1).  To the contrary, by their motion for extension of the disclosure deadline, Plaintiffs sought to bring their disclosure of the new report into compliance with Rule 26(a) so that the disclosed information would not be excluded under the terms of Rule 37(c)(1) at a *later* hearing or trial, nor would Plaintiffs be subject to other sanctions when use of the information was attempted.

The dissent's statement that Rule 37(c)(1) "addresses what to do if a party fails to provide information as required by Rule 26(a)" is incomplete.  Rule 37(c)(1) addresses what to do if a party fails to disclose information as required by Rule 26(a) *and* attempts to use that information on a motion, at a hearing, or at a trial.  The cases from our sister circuits cited by the dissent bear this out; each involves a failure to disclose information *and* a later attempted use "on a motion, at a hearing, or at a trial."  Fed. R. Civ. P. 37(c)(1); see Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1060-62 (9th Cir. 2005) (attempting to include in summary judgment briefing witnesses which had not been disclosed); Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (considering failure to disclose damages theory until trial); see also Vanderberg, 906 F.3d at 703-05 (concluding that the district court did not abuse its discretion under Rule 37(c)(1) in excluding undisclosed doctor's statements which plaintiff sought to use in response to defendant's motion for summary judgment); Design Strategy, Inc. v. Davis, 469 F.3d 284, 293-97 (2d Cir. 2006) (concluding that the district court did not abuse its discretion in barring plaintiff, pursuant to Rule 37(c)(1), from calling two expert witnesses at trial to testify regarding lost profits when it had not previously disclosed witnesses, in violation of Rule 26(a)).[4]

---

[4]At the time of the district court's order it remained to be seen whether the Plaintiffs would attempt to "use" the newly disclosed expert report.  And since Plaintiffs' disclosure of the new expert report obviously complied with the extended disclosure deadline, if Plaintiffs were to have later "used" the information, Rule 37(c)(1) would have been inapplicable because the rule requires the failure of a party "to provide information or identify a witness as required by Rule 26(a) or (e)."

Accordingly, the district court, having found no good cause for extension of the Rule 16(b) disclosure deadline to permit the late disclosure of Plaintiffs' new expert report, abused its discretion in granting Plaintiffs' motion to modify the progression order and to allow disclosure of the new expert report after the court-imposed deadline.

Notwithstanding the district court's error, we will affirm unless Defendants can show the error was not harmless. See Sherman, 532 F.3d at 718; Crane v. Crest Tankers, Inc., 47 F.3d 292, 296-97 (8th Cir. 1995) (concluding that the district court's error in admitting certain evidence was not harmless because "the jury's damage award would [not] have been the same absent the erroneous admission").

Defendants moved to exclude all of Plaintiffs' expert's damages calculations and testimony, which the district court denied, without prejudice, when it modified the progression order and allowed Plaintiffs to file the late report. The court found that the information in the report was "useful and necessary to the disposition of the case on the merits." Mem. & Order 5-6. The jury awarded $779,127.00 in damages on Plaintiffs' short-rest-break claims, an amount identical to Plaintiffs' expert's testimony at trial. Compare 3 Trial Tr. 475, Dist. Ct. Dkt. 548 (expert testimony), with 5 Trial Tr. 680, Dist. Ct. Dkt. 550 (jury verdict). Plaintiffs offered no other expert testimony at trial on damages for their short-rest-break claims. See, e.g., 4 Trial Tr. 670-71, Dist. Ct. Dkt. 549 (requesting that the jury "award the damages that [the expert] calculated; $779,127 for the short rest break claim").

The jury clearly relied on Plaintiffs' expert's opinion in reaching its $779,127.00 damages award. We cannot say that its award would have been the same without the new information and, therefore, the district court's error was not harmless. Cf. Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1057 (8th Cir. 2000) (concluding that the admission of deficient expert testimony constituted reversible error because the expert's opinion formed the basis for damages and "the

jury clearly relied on his opinion in reaching its verdict because the damages it awarded . . . were identical to the" expert's calculations).

## III.

For the foregoing reasons, we vacate the judgment and remand the case to the district court for proceedings consistent with this opinion. Because we vacate the judgment, we need not address the remaining arguments in Defendants' cross-appeal and in Plaintiffs' appeal.

COLLOTON, Circuit Judge, dissenting.

The Federal Rules of Civil Procedure provide for the district court to establish a scheduling order, to modify a scheduling order for good cause, and to sanction a party that fails to comply with a scheduling order regarding disclosure of expert reports. In this case, the plaintiffs sought to submit a supplemental expert report after the deadline in the scheduling order. The district court did not find good cause to modify the schedule, and thus concluded that the plaintiffs should be sanctioned for their late submission. Rather than exclude the late report entirely, the court exercised its discretion to impose a lesser sanction: plaintiffs were permitted to file the untimely expert report, but they were required to pay the defendants costs in the amount of $61,222.14 that were incurred as a result of the tardy submission. I conclude that the court's order was consistent with the rules of procedure and a permissible exercise of discretion.

Rule 16(b)(1) requires the district court to issue a scheduling order. The order in this case required the parties to disclose expert reports by January 15, 2014. The plaintiffs sought to disclose the revised expert report in March 2014. The district court correctly concluded that the report was not a proper supplement under Rule 26(e). The court found instead that the plaintiffs were "seeking to submit expert

materials well after the deadline for disclosure of expert reports," and treated the revision as an ordinary expert report under Rule 26(a)(2)(B).

Another provision on scheduling, Rule 16(b)(4), provides that a schedule may be modified "only for good cause and with the judge's consent." The plaintiffs did not establish good cause to modify the schedule for disclosing expert reports, so the revised report was untimely. The court concludes that the analysis stops there, but lack of good cause under Rule 16(b) is not the end of the matter.

The time to disclose expert reports is governed by Rule 26(a)(2)(D), which in turn incorporates the deadline of the court's scheduling order. A party who makes an untimely disclosure of an expert report violates Rule 26(a). But another rule of civil procedure addresses what to do if a party fails to provide information as required by Rule 26(a).

Rule 37(c)(1), entitled "Failure to Disclose or Supplement," provides:

> If a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . .

As several courts have recognized, when a party lacks good cause to modify a scheduling order, and thus violates Rule 26(a) by making a late disclosure, the inquiry turns to Rule 37(c)(1). If the failure to comply with Rule 26(a) "was substantially justified or is harmless," then the untimely report may be used at trial despite the violation. Fed. R. Civ. P. 37(c)(1). If neither of those criteria is satisfied, then the court must determine the appropriate sanction under Rule 37(c)(1). *See*

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060-62 (9th Cir. 2005); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Vinson v. Mich. Dep't of Corr.*, No. 14-11130, 2018 WL 1312400, at \*2 (E.D. Mich. Mar. 14, 2018); *Simmons v. Corizon Health, Inc.*, No. 1:14cv730, 2016 WL 4537744, at \*3 n.5 (M.D.N.C. Aug. 29, 2016); *Paulus v. Holimont, Inc.*, 315 F.R.D. 13, 15-18 (W.D.N.Y 2016); *Hawk-Beauchman v. Romo*, No. CV-13-57-GF-BMM-JTJ, 2015 WL 12780572, at \*1-3 (D. Mont. Jan. 22, 2015); *Tetzlaff v. Educ. Credit Mgmt. Corp.*, 521 B.R. 875, 879 & n.1 (E.D. Wis. 2014); *Schardine v. Estate of Fleming*, No. CV 13-63-BU-DWM-JCL, 2014 WL 2918420, at \*2-3 (D. Mont. June 26, 2014); *Ratcliff v. City of Red Lodge*, No. CV 12-79-BLG-DWM-JCL, 2013 WL 5817210, at \*2-3 (D. Mont. Oct. 29, 2013); *Great N. Ins. Co. v. Ruiz*, No. CV408-194, 2010 WL 3074340, at \*2 & n.4 (S.D. Ga. Aug. 4, 2010).

The district court properly followed that sequence here. The court did not find good cause to modify the scheduling order, so it turned to Rule 37 and the consequences for failure to disclose in accordance with the schedule. The court found that plaintiffs' lapse was not substantially justified or harmless. So the court then considered the appropriate sanction under Rule 37(c)(1).

The first sentence of Rule 37(c)(1) says that a party failing to disclose "is not allowed to use that information" at trial. The advisory committee notes describe this as a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion" for sanctions. Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment. But while the sanction of excluding evidence is "automatic" in the sense that the court may apply it without a motion or hearing, *see id.*, it is not the only sanction available. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006). The second sentence of Rule 37(c)(1) says plainly that "[i]n addition to *or instead of this sanction*," the court may consider other options "on motion and after giving an opportunity to be heard." One option available "instead of" excluding the information is to "order payment of the reasonable expenses . . .

-18-

caused by the failure" to comply with Rule 26(a). Fed. R. Civ. P. 37(c)(1)(A). The district court selected this option after receiving a motion from the plaintiffs and giving both parties an opportunity to be heard on the question.

The district court did not abuse its discretion in selecting a lesser sanction than exclusion of the information contained in the untimely expert report. The court recognized that while plaintiffs caused delay and duplication of work by the defendants, the new information was "useful and necessary to the disposition of the case on the merits." The court permissibly expressed a preference for disposition of the case on the merits, and elected to impose a sanction expressly authorized by Rule 37(c)(1)(A) to compensate the defendants. This determination was consistent with the rules of procedure and a reasonable exercise of the district court's discretion in managing the litigation.

In reversing the judgment, the court characterizes the district court's order as one that "extended the Rule 16(b) disclosure deadline" to allow the revised expert report, *ante*, at 14, but the order did not do so. The deadline for disclosure of expert witnesses was January 15, 2014, and the district court did not extend or modify it. *See* R. Doc. 145, 149, 295. Instead, the district court recognized that the revised report was late, allowed the plaintiffs to file the report, and imposed sanctions for submitting a report after the deadline. There would have been no reason or authority to impose sanctions if the disclosure were timely under a revised scheduling order. Having ruled that the plaintiffs would be allowed, with sanctions, to file the untimely revised report and to use information from the report, the court then revised *other* scheduling deadlines by stipulation of the parties and for good cause. R. Doc. 277, 295.

The court also seems to believe that the district court did not address whether the plaintiffs could "use" the untimely expert report within the meaning of Rule 37(c)(1). *Ante*, at 14-15 & n.4. But the whole purpose of submitting the revised

expert report was to use at trial the information described therein, so the district court rightly addressed whether the plaintiffs' untimeliness warranted "complete exclusion of the new information." R. Doc. 275, at 5. *Accord Vinson*, 2018 WL 1312400, at *2; *Simmons*, 2016 WL 4537744, at *3 n.5; *Paulus*, 315 F.R.D. at 15-18; *Hawk-Beauchman*, 2015 WL 12780572, at *1-3; *Schardine*, 2014 WL 2918420, at *2-3; *Great N. Ins. Co.*, 2010 WL 3074340, at *2 & n.4. It would be passing strange to construe Rule 37(c)(1) as authorizing a district court to permit use of an undisclosed expert's information at trial but not to allow filing and disclosure of the same expert's report before trial.

For these reasons, I conclude that the court did not abuse its discretion by allowing the plaintiffs to present evidence at trial based on their expert's revised report. Unlike a practice of allowing untimely pleading amendments under the liberal standard of Rule 15(a), *see Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008), the district court's ruling gives effect to the "good cause" requirement of Rule 16(b) by exacting a sanction from the plaintiffs for failing to comply with the scheduling order. Where Rule 37(c)(1) specifically contemplates that a court may choose a sanction other than exclusion for a submission that is untimely under the scheduling order, we have no authority to superimpose the good-cause requirement of Rule 16(b) in that context. Therefore, the court properly allowed the expert to testify based on his revised report after sanctioning the plaintiffs.

The parties raise several other claims of error concerning the district court's rulings in the case, but the court does not address them after concluding that the district court was required to exclude the revised expert report. Given the court's disposition, discussion of the other issues in this separate writing would be largely an academic exercise. None of the other points raised would justify the relief ordered by the court, so I respectfully dissent.

_____

-20-