# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2250
_____

Midwest Medical Solutions, LLC; Hugh Bradley

*Plaintiffs - Appellees*

v.

Exactech U.S., Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 17, 2023
Filed: March 11, 2024

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

This case comes to us for a second time. Initially, Midwest Medical Solutions, LLC appealed the grant of summary judgment in favor of Exactech U.S., Inc., which turned on the district court's[1] interpretation of the non-compete clause in the parties'

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Sales Agreement. In December 2021, we concluded that the clause was unambiguous, reversed summary judgment, and remanded for further proceedings. Midwest Med. Sols., LLC v. Exactech U.S., Inc. (Midwest I), 21 F.4th 1002, 1007 (8th Cir. 2021). This time, Exactech appeals, asserting the district court erred by denying its motion for leave to replead two counterclaims. We affirm.

I.

We incorporate by reference the factual summary provided in Midwest I, 21 F.4th at 1004–05. For our purposes here, however, a summary of the relevant procedural history is instructive. We begin with the parties' initial pleadings. In the operative complaint, filed March 2019, Midwest alleged that Exactech violated the Minnesota Sales Representative Act, Minn. Stat. § 325E.37 (2017), and breached the parties' Sales Agency Agreement.[2] Midwest also sought a declaratory judgment as to the amount of resulting damages Exactech owed, based on the plain meaning of the agreement. Exactech, in turn, filed an Answer and Counterclaim, seeking declaratory judgment in its favor, alleging breach of contract, and—in the alternative—raising reformation, recission, and bad-faith counterclaims.

About three weeks later, the parties notified the court that Exactech intended to timely amend its Answer and Counterclaim pursuant to Federal Rule of Civil Procedure 15(a)(1) and that Midwest sought an extension of time to respond to Exactech's "forthcoming amend[ed] [pleading]." The district court gave Exactech leave to file its amended Answer and Counterclaim by June 20, 2019, and gave Midwest until June 30, 2019, to respond.

In the interim, the district court issued an order addressing Midwest's partial motion for summary judgment, which had been filed almost simultaneously with the

---

[2]Midwest alleged that after Exactech terminated Midwest as its exclusive sales representative, Exactech was required to pay Midwest "Restricted Period Compensation" pursuant to the Agreement's non-compete clause. Midwest I, 21 F.4th at 1005–06.

operative pleadings. On June 13, 2019, the district court granted the motion in part and denied it in part, ultimately agreeing with Exactech on how Midwest's compensation would be calculated. A week later, Exactech timely filed its amended Answer and Counterclaim, and, this time, left out its reformation and recission counterclaims.

Approximately seven months later, and after discovery concluded, the parties filed a "Consent to Entry of Stipulated Judgment," through which they "stipulate[d] to the dismissal with prejudice of all remaining claims and counterclaims [in the amended complaint] with the exception of [Midwest's declaratory judgment claim]" to allow Midwest to appeal. The district court accepted the stipulation, dismissing with prejudice the operative complaint and the amended Answer and Counterclaim, and entered final judgment on Midwest's declaratory judgment claim. See Midwest I, 21 F.4th at 1005 ("With a final judgment in hand, Midwest timely appealed."). We took up the issue in Midwest I, and reversed and remanded the case to the district court. Id.

At the district court, Midwest moved for entry of judgment, arguing that the court's only task on remand was to issue final judgment in its favor on the one remaining claim in the case. Exactech resisted Midwest's motion and moved to amend its pleadings. Exactech explained that when it filed its amended Answer and Counterclaim on June 20, 2019, it did not replead its reformation and rescission counterclaims, believing they had been "mooted" by the district court's June 13, 2019, order that endorsed Exactech's own reading of the disputed contract language. Midwest I, 21 F.4th at 1005. In Exactech's view, these counterclaims became "viable" or "unmooted" only *after* this court reversed and remanded for further proceedings, triggering Exactech's motion for leave to replead them.

The district court denied Exactech's motion to amend and granted Midwest's motion for entry of judgment after concluding that Exactech failed to show diligence in its efforts to meet the scheduling deadlines. The district court found that Exactech did not establish changed circumstances justifying its delay, since this Court "merely

applied existing law" when deciding Midwest I. The district court also found that Exactech's belated request to amend its pleadings, well after the deadlines expired, could have been prevented by its own conduct. This appeal followed.

II.

"We review the denial of a motion for leave to amend for an abuse of discretion." In re Target Corp. Secs. Litig., 955 F.3d 738, 744 (8th Cir. 2020) (citation omitted). "A court abuses its discretion when it denies a motion to amend [the pleadings] unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Id. at 744–45 (quoting Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)).

Generally, "[l]eave to amend [the pleadings] should be freely given to promote justice." GWG DLP Funding V, LLC v. PHL Variable Ins. Co., 54 F.4th 1029, 1036 (8th Cir. 2022) (citing Fed. R. Civ. R. 15(a)). When a party seeks to amend after court-imposed deadlines for doing so, however, the stricter standards of Federal Rule of Civil Procedure 16 apply. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); see also Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013) ("[A] motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause[.]" (citations omitted)).

In Sherman, we contrasted the more stringent requirement of Rule 16(b) with the liberal standard under Rule 15, noting that the good cause standard in Rule 16(b) is "not optional." 532 F.3d at 716–18 ("Given the absence of good cause, we must conclude that the district court abused its discretion in allowing [the movant] to amend its answer so long after the scheduling deadline."). The movant's diligence in attempting to meet the case management order's requirements is the "primary measure" of good cause. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). "Where there has been 'no change in the law, no newly discovered facts, or

-4-

any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then we may conclude that the moving party has failed to show good cause." Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012) (quoting Sherman, 532 F.3d at 718).

The district court did not abuse its discretion when it denied Exactech's motion to amend on the grounds that Exactech had failed to establish good cause for amending the scheduling order. As the district court recognized, our decision in Midwest I did not represent a "changed circumstance" prior to which Exactech was unable to raise its reformation and recission counterclaims. Indeed, these counterclaims were included in Exactech's original pleadings, and it was Exactech that made the decision not to replead them. See Sherman, 532 F.3d at 717–18.

Exactech counters, asserting that its decision not to replead these counterclaims reflected a prudential, common-sense approach to pleading that was not a bar to "re-bringing th[ose counterclaims] in a future filing." Notably, the district court did not endorse Exactech's provisional pleading approach. But even if we assume Exactech faced no per se bar to repleading the dismissed counterclaims, the district court expressly found Exactech did not act with diligence in its efforts to abide by the court's scheduling order. Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 960 (8th Cir. 2023) ("A district court possesses broad discretion when it establishes and enforces deadlines in its scheduling orders. . . . [And] 'the primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" (quoting Hartis, 694 F.3d at 948) (citing Petrone v. Warner Ents., Inc., 940 F.3d 425, 434 (8th Cir. 2019))). The district court found that Exactech could have pleaded these counterclaims in the alternative, as it originally did, rather than omitting them from its amended pleadings altogether.

In addition, the June 13, 2019, order was not a final order, a fact that further convinced the district court that Exactech acted voluntarily and on its own accord when originally amending its Answer and Counterclaim to remove the very counterclaims it sought to replead on remand. See Schnuck Mkts., Inc. v. First Data

-5-

Merch. Servs. Corp., 852 F.3d 732, 740 (8th Cir. 2017) ("Defendants argue that the need to amend was only brought to light by the District Court's conclusion" concerning the allegations in the Complaint, but "[a]s the district court stated, Defendants are responsible for pleading their case without the Court's assistance." (internal quotation marks omitted)). The district court did not abuse its discretion when it denied Exactech's motion pursuant to Rule 16(b). See Hartis, 694 F.3d at 948–49 (affirming district court's denial of leave to amend where, ultimately, the moving party made a "tactical decision" that "hardly constitute[d] good cause for an extremely tardy pleading-amendment motion").

We affirm the judgment of the district court.

_____