# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-2500

_____

Philip Petrone; Stewart Fisher; Jasbir Singh; Brian Pankz, on behalf of themselves and all those similarly situated; Jason Dewayne Gunn; Ahmad Abdinasir; Adam F. Akhalu; Latoshia Denise Anderson; Derek C. Anglero; Alan Blane Arthur; Christopher Ayala; Timothy McCabe Bailey; Csaba G. Barabas; Henry Barentine; Joseph E. Barker; Diego Barraza; Richard Clair Bash; Terry Lee Batko; Elizabeth Baumgartel; Jeremy Alfred Bennett; Gary M. Bernstine; Stacy Lynn Bluebird; Rafarel K. Boadu; Damien Marcus Boyer; Christina Bradley; Elias Bratcher; Justin Bristol; Karl Matthew Emerson; Scott A. Larrow; Steve N. Neely; Tonya McDonald; Micheal Anthony Brooks; Nicholas Brown; Olivia Bryant; Lawrence F. Bunkowski; David Burgess; Steven Dale Burgess; Justin Burkholder; Richard Calvert; Johnny Carter; Brett Carty; Joel Castaneda-Dominguez; Lawrence Edward Cecil; Issac Houston Chase; Victor Chavarria; Paul Cleaver; Thomas Ricky Coker; Kenya Dyone Collins; Michael Ray Combs; Kenneth Ray Cook; Larry Nathaniel Clinton, Jr.; Kenneth B. Cloud; Richard Copley; Howard Corley, Jr.; Jeffrey G. Crissman; Jimmy Carl Criswell; Thomas Cross; Francisco Cruz; James Michael Cullity; Kabik Daam; Wilson M. Dagaye; David Davila; Michael Scott Davis; Jermey Leonard Dawson; Perry A. Deeke; David Andrew Delisi; Louis James Dietry; John Michael Doss; Steven Dubinsky; Luis Duran Saldivar; Carl Eberhardt; Harcourt P. Edgecombe; Douglas Allen Elbon; Terry Lee Elkins; Paul Terry Elliott, Jr.; Mark C. Eure; Seth Fezatte; Roscoe W. Forman; Anthony Frank; Nathaniel Anthony Frazier, Jr.; Ernest G. Fulp, Jr.; Peter Liyayi Gaitano; Jose Garcia-Gonzalez; JoAnna Hancock Geddings; Clair Henry Gilmore, Jr.; Fred Glass, III; John Christopher Glover; Jean Marie Gogolin; Steven Scott Goodman; Tamaro R. Graham; Eric Franklin Green; August William Grow; Gary Eugene Gude; Debra Paula Gugle; Fardrel J. Guice; Shaun Phillip Guthrie; Randy Halcomb; Kathleen M. Hallmark; D'Andre LeMare Handy; John Robert Hardin; Robert William Herrmann; Gail Marie Hess; Annette Fay Holder; Charles Roy Honacher; Michael Hossler; Robert Edward Howes; Brett Allen Huckstep; Byron Huffin; Loman Hutchings; Delandos Jackson; Morris Jacobs, Jr.; Daniel Jefferson; Ciera Lillian Jenkins; Darrell Wayne Johnson; David Allen Jones; Michael T. Jones; Willie Lee Jones, Sr.; Michael A. Karpouskas; Behzad Kazemiseresht; Gary Ward Kennerly; Kristopher Kibby; Ronald L. Kilpatrick; Nathan Phillip Koehler;

Michael Kovacsi; Timothy Michael Kyser; Martha L. Lantz; Alonza David Lee; Guertho Lemorin; Darran LaVan Lewis; Joshua Brooke Lipham; Russell E. Lourwood; Paul Lowe; Stacey Marie Lowe; Krystel Lucas; Kevin L. Maehrer; Jonathan Michael Magnuson; James Mancuso; Jeremy L. Maness; Thomas C. Marchione; William Clyde Marks; David Jacob Marrs; Norrek McCarty; Matthew Jay McDaniel; David Andrew McDevitt; Samuel Ray McMillian; Doug Anthony McSwain; Jack Dean Michael; Steven Richard Milstead; Robert John Monroe; Carl Montgomery; Gary C. Montgomery; Debra A. Moore; Michael W. Moore; Clell Morgan, II; John Anthony Morris; Michael Wayne Murray; Lorene Musabelli; Nathan Joel Nadell; Saleh M. Nasser; Chad Michael Newsome; Aaron Jermain Nixon; Luis S. Ogando Colon; Peter B. Oh; Marcus Oscar Orr; Christopher Otto; Donald Wade Owens; Charles D. Paglicco, Jr.; James G. Paige, Jr.; Matthew Pereira; Michael Andrew Pertle; William James Petty, Jr.; Jarrod Scott Pitts; James Matthew Potts; Bryan James Pratt; David Frank Pressley; John Jason Pryor; Joseph Pusateri; Noel Ramirez; Steven M. Ramsey; John Manson Ray; Heath Daniel Reams; Jasper U. Reaves; John Reddick; Benjamin Reno; Oscar Reyes; Brandon Richard; Gregory Scott Vian Risdon; Clarence Robinson; Rayo Emmiito Robinson; Barney Robson; Brandon Roldan; William Thomas Roop; Curtis Ryals; Nickilas Sams; Franklin L. Schmidt, III; Barbara Ann Scoby; Joseph Franklin Scott; Robert A. Scott, III; Vernon B. Seaborn, Jr.; Michael A. Sederquist; Phillip Wayne Senecal; Guillermo Serrano-Lopez; Pablo A. Serrano-Lopez; Charles Shackelford; Katherine P. Shoemaker; Howard Arthur Singer; Harpal Singh; Dennis Dean Smith; Kyle Anthony Smith; Randy Shane Smith; Timothy Leonardo Smith; Quitz Snider; Richard Adam Solomon; Roman Stelter; Winston Stewart; Shawn Michael Stone; Derick Lynn Sullins; James Julian Alan Surrency; Tim Swadley; George A. Tapia; Shannon Leigh Terry; Noulieng Thisanakone; Dan Vilaythong; Erick Thompkins; Brennon Thompson; Stephen Loyd Tillerson; David Wright Tillman; Kevin Toll; Richard F. Torrisi; Jeffrey S. Torsrud; Gregory D. Trent; Jose Valentine; Luanne Santoro Voght; Wayne Woodrow Waite; David C. Waldron; Marisa Sabrinda Walker; Robert Wallace; Lance Wallace; Patrick Mark Walters; Steven Anthony Wasson; Joseph Kane Weatherford; Derrick Earl Webb; Stacey Webb; Trey Anthony Webber; Keeley Wheeler, Jr.; Johnny Keith White; Kacy Fonteze Williams; Tiffany Nicole Williams; Steven M. Willis; Reia Winn; Marlon Dewayne Witcham; Devon Terelle Wofford; William Wood; Mark Antonio Woods; Warren R. Wright; Carisma Concetta Weiss; Robert Lee Plunkett

*Plaintiffs - Appellants*

v.

-2-

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellees*

------------------------------

Philip Petrone; Brian Pankz, on behalf of himself and all those similarly situated; Stewart Fisher, on behalf of himself and all those similarly situated; Jasbir Singh, on behalf of himself and all those similarly situated

*Plaintiffs - Appellants*

v.

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 11, 2022
Filed: August 3, 2022

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

This class action arises out of claims by commercial truck drivers who assert that they were not paid proper amounts while working for Werner Enterprises, Inc., and Drivers Management, LLC, (collectively Defendants) as part of Defendants'

-3-

Student Driver Program. In a previous appeal, we considered Defendants' challenge to a jury verdict in favor of Philip Petrone and others (collectively, Plaintiffs) on some of Plaintiffs' claims, concluding that the district court erred in amending the scheduling order to allow Plaintiffs to submit an expert report past the disclosure deadline without good cause. See Petrone v. Werner Enters., Inc., 940 F.3d 425, 432 (8th Cir. 2019). Because this expert evidence was integral to the jury's verdict, we determined that this error was not harmless, and we vacated the judgment. Id. at 436. This case returns to us after the district court, on remand, entered judgment in favor of Defendants. Having jurisdiction under 28 U.S.C. § 1291, we vacate the judgment.

I.

Plaintiffs filed this action alleging violations of the Fair Labor Standards Act (FLSA) and Nebraska law stemming from an eight-week student-driver training program run by Defendants. Plaintiffs alleged that they were not properly compensated for off-duty time spent on short rest breaks and time spent resting in their trucks' sleeper-berths. After a three-day trial, the jury awarded Plaintiffs $779,127.00 on the short-term break claims and found in favor of Defendants on the sleeper-berth claims. Plaintiffs appealed, challenging various post-trial rulings, while Defendants cross-appealed, challenging the district court's pre-trial rulings, specifically its ruling extending Plaintiffs' deadline to disclose expert reports, which allowed Plaintiffs to submit an otherwise untimely expert report.

As relevant here, Plaintiffs had previously timely submitted an expert report, but after "Defendants' deposition of Plaintiffs' expert 'reveal[ed] considerable flaws in the methodology [used by Plaintiffs' expert] for computing the allegedly uncompensated break and sleeper-berth time,'" Petrone, 940 F.3d at 432 (first alteration in original) (citation omitted), Plaintiffs moved, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, to modify the scheduling order to file a supplemental expert report. Determining first that the belated expert report was not a supplemental report and was more appropriately considered a new expert report, the district court then concluded that there was no good cause to amend the

scheduling order to allow disclosure of the new report, and the failure to timely file the report was neither substantially justified nor harmless. Specifically as to Plaintiffs' argument that the late disclosure was harmless, the district court stated:

> As of the filing of plaintiffs' motion to file a supplemental brief, more than two months had passed since the deadline for the filing of expert reports, defendants had spent time analyzing the original report, and defendants had deposed plaintiffs' expert; the deadline for submitting Daubert motions was only a month away. In seeking to submit the supplemental report, plaintiffs were imposing on defendants to delay the progression of the case and duplicate work they had already done so that plaintiffs could take advantage of defendants' diligence in finding errors in the report of plaintiffs' own expert. The unfairness of such a maneuver and imposition of additional costs is not harmless.

R. Doc. 275, at 5. Nevertheless, the district court noted that "Rule 1 of the Federal Rules of Civil Procedure counsels against complete exclusion of the new information" because it provides "that the rules 'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding'" and "indicate[s] a preference for determination of cases on the merits." R. Doc. 275, at 5. Further, because "[t]he corrected information [was] useful and necessary to the disposition of the case on the merits," the district court stated that it was "inclined to invoke the discretion granted by Rule 37(c) [of the Federal Rules of Civil Procedure] to fashion a lesser sanction than exclusion." R. Doc. 275, at 5-6. The district court thus granted Plaintiffs' motion to extend the disclosure deadline and allowed the new expert report to be timely submitted pursuant to the amended scheduling order.

We resolved Defendants' cross-appeal only, concluding that it was dispositive to the resolution of both appeals. We determined that the district court abused its discretion when it granted Plaintiffs' Rule 16(b) motion to amend the scheduling order to extend the disclosure deadline, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, for expert reports without good cause. We concluded that the district court erred in relying on Rules 1 and 37(c)(1) to extend the deadline for

expert disclosures because "by its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use the information 'on a motion, at a hearing, or at a trial[,]'" and "Rule 37(c)(1) says nothing about its applicability when a court considers a motion, pursuant to Rule 16(b), to amend a progression order and extend the deadline for Rule 26 disclosures." Petrone, 940 F.3d at 435 (citation omitted). Further, because "[t]he jury clearly relied on Plaintiffs' expert's opinion in reaching its $779,127.00 damages award," we could not "say that its award would have been the same without the new information and, therefore, the district court's error was not harmless." Id. at 436. Thus, "we vacat[ed] the judgment and remand[ed] the case to the district court for proceedings consistent with [our] opinion." Id.

On remand, Plaintiffs moved for a new trial, asserting that, even without the expert report, they could prove their damages through individual pay and time records. Plaintiffs also sought, pursuant to Rule 37(c)(1), to admit the untimely expert report, asserting that our mandate left the district court with the discretion to do so on remand. In the alternative, Plaintiffs sought a court-appointed expert pursuant to Rule 706 of the Federal Rules of Evidence. Defendants filed a motion for judgment on the mandate, asserting that the only possible outcome in light of the mandate was dismissal with prejudice. The district court denied Plaintiffs' motion, granted Defendants' motion, and dismissed the case with prejudice. The district court concluded that the only evidence of damages that Plaintiffs presented was based on the improperly admitted new expert report, rejected Plaintiffs' contention that they could prove damages through a Rule 1006 of the Federal Rules of Evidence exhibit summarizing pay and time records for 55,000 class members without expert testimony, and found that the discovery deadlines had lapsed more than 6 years previously and there was not good cause to amend the scheduling order to allow disclosure of the new expert report. The district court also noted that "Plaintiffs have not submitted a Rule 1006 exhibit, nor identified a witness who would prepare it, nor have Defendants deposed this witness about the preparation of the Rule 1006 exhibit." R. Doc. 618, at 6. In closing, the district court stated, "Plaintiffs could not have proved damages but for the admission of [the] untimely expert report.

Therefore, the only proceeding consistent with the opinion of the Court of Appeals is dismissal of this action with prejudice." R. Doc. 618, at 6.

## II.

Plaintiffs assert that the district court erred in denying their motion for a new trial because this Court's previous opinion did not direct the district court to enter judgment in favor of Defendants; the district court failed to conduct the requisite Rule 37(c)(1) analysis, erroneously concluded that Plaintiffs could not prove damages without expert evidence, and failed to address Plaintiffs' request for appointment of an expert pursuant to Rule 706; and dismissal with prejudice is inconsistent with the holding that, as a matter of law, Defendants violated the FLSA. "We review the denial of a motion for a new trial for a 'clear' abuse of discretion, with the key question being whether a new trial is necessary to prevent a miscarriage of justice." Hallmark Cards, Inc. v. Murley, 703 F.3d 456, 462 (8th Cir. 2013) (citation omitted). However, "[i]nterpretation of an appellate mandate is a legal issue which we review de novo." United States v. Parks, 700 F.3d 775, 777 (6th Cir. 2012) (citation omitted).

We first consider what our mandate directed the district court to do on remand. In our previous opinion, "we vacate[d] the judgment and remand[ed] the case to the district court for proceedings consistent with this opinion." Petrone, 940 F.3d at 436. Defendants assert that our statement elsewhere in the opinion that the expert report issue was "dispositive" of Defendants' cross-appeal and Plaintiffs' appeal means that the district court had no recourse other than to enter judgment in Defendants' favor. See id. at 432. However, this statement merely recognized that resolution of the expert report issue rendered consideration of the other issues on appeal unnecessary because our resolution of the expert report issue required that we vacate the judgment and remand. When read in its entirety, the decision left the door open for the district court to consider how to proceed in light of our ruling that the district court should not have granted the motion to amend the scheduling order.

-7-

Our mandate thus did not direct the district court to affirmatively find in Defendants' favor, and their suggestion to the contrary is without merit.

Next, we consider Plaintiffs' argument that the district court failed to conduct the requisite analysis under Rule 37(c)(1) before excluding the expert testimony. Plaintiffs assert that the district court was required to conduct the Rule 37(c)(1) analysis in response to their motion for a new trial, and its failure to do so was an abuse of discretion. We agree. As we explained in our previous opinion, Rule 37(c)(1) is applicable "only when a party fails to comply with Rule 26(a) and then seeks to use the information 'on a motion, at a hearing, or at a trial.'" Petrone, 940 F.3d at 435 (citation omitted). In the motion for a new trial, Plaintiffs did just that: they sought to use the untimely new expert report to justify a new trial, which triggered the district court's obligation to conduct the Rule 37(c)(1) analysis. However, the district court did not conduct *any* analysis under Rule 37(c)(1) and instead simply granted judgment in favor of Defendants. The district court's failure to conduct this analysis amounts to a failure to exercise its discretion, which is an abuse of discretion. See Dolin v. GlaxoSmithKline LLC, 951 F.3d 882, 889 (7th Cir. 2020) ("[W]here the law gives a court discretion that the court does not recognize and exercise, 'The failure of the trial court to exercise its discretion at all . . . constitutes an abuse of discretion.'" (second alteration in original) (citation omitted)); Islamic Inv. Co. of the Gulf (Bahamas) Ltd. v. Harper (In re Grand Jury Investigation), 545 F.3d 21, 25 (1st Cir. 2008) ("[A] trial court can abuse its discretion by failing to exercise that discretion.").

As to Plaintiffs' argument that the district court erred by failing to consider their request, pursuant to Rule 706, for appointment of an expert, we similarly conclude that the district court's failure to exercise its discretion in considering this request amounts to an abuse of discretion. Under Rule 706, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." While the district court has discretion to decide whether to appoint such an expert, just as

with the Rule 37(c)(1) analysis, it cannot decline to decide the issue. The district court thus abused its discretion in denying Plaintiffs' motion for a new trial without considering or deciding this request.

Finally, we consider whether the district court erred in concluding that, without testimony from an expert witness, Plaintiffs could not prove damages. Plaintiffs assert that, even if the district court were to exclude the expert testimony on remand, they could still provide evidence of their damages in the form of pay and time records, which they would introduce as summary evidence pursuant to Rule 1006. "Rule 1006 allows a party to 'use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court . . . .'" Vogt v. State Farm Life Ins. Co., 963 F.3d 753, 771 (8th Cir. 2020), cert. denied, 141 S. Ct. 2551 (2021) (citation omitted). But to be admissible as summary evidence, "the charts [must] fairly summarize voluminous trial evidence [and] assist the jury in understanding the testimony already introduced." Id. (citation omitted). While Plaintiffs argue that they could introduce summaries of the pay and time data and allow the jury to reach a conclusion about damages without the benefit of expert testimony, as the district court noted,

> [t]here is clearly more analysis to be done of the evidence in this case than simple arithmetic. The evidence was such that even Plaintiffs' expert made significant errors which rendered his first report likely inadmissible. A jury could not accurately determine damages regarding the pay and time records for 55,000 class members without expert testimony in this case.

R. Doc. 618, at 5. We agree with the district court. The evidence of damages was so voluminous and complicated that Plaintiffs' own expert had difficulty correctly calculating damages, demonstrating that this evidence is not of the type to which the jury could simply apply basic math principles in order to calculate damages without the assistance of expert testimony. In the absence of expert testimony, summary evidence of wages and hours would not "assist the jury in understanding the

testimony already introduced," <u>Vogt</u>, 963 F.3d at 771 (citation omitted), and thus, Rule 1006 would not be appropriate in this instance. The district court did not err in concluding that, without expert testimony, Plaintiffs would be unable to prove damages.

In sum, while the district court properly determined that Plaintiffs could not present evidence of damages through summary evidence pursuant to Rule 1006, it failed to conduct an analysis pursuant to Rule 37(c)(1) and failed to address Plaintiffs' request for appointment of an expert pursuant to Rule 706. These latter two points amount to an abuse of discretion, which requires reversal and vacatur of the judgment. Further, because we vacate the district court's judgment, we need not consider Plaintiffs' argument regarding dismissal with prejudice.

### III.

For the foregoing reasons, we vacate the judgment and remand to the district court for further proceedings consistent with this opinion.

_____