# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1884

_____

Philip Petrone; Stewart Fisher; Jasbir Singh; Brian Pankz, on behalf of themselves and all those similarly situated; Jason Dewayne Gunn; Ahmad Abdinasir; Adam F. Akhalu; Latoshia Denise Anderson; Derek C. Anglero; Alan Blane Arthur; Christopher Ayala; Timothy McCabe Bailey; Csaba G. Barabas; Henry Barentine; Joseph E. Barker; Diego Barraza; Richard Clair Bash; Terry Lee Batko; Elizabeth Baumgartel; Jeremy Alfred Bennett; Gary M. Bernstine; Stacy Lynn Bluebird; Rafarel K. Boadu; Damien Marcus Boyer; Christina Bradley; Elias Bratcher; Justin Bristol; Karl Matthew Emerson; Scott A. Larrow; Steve N. Neely; Tonya McDonald; Micheal Anthony Brooks; Nicholas Brown; Olivia Bryant; Lawrence F. Bunkowski; David Burgess; Steven Dale Burgess; Justin Burkholder; Richard Calvert; Johnny Carter; Brett Carty; Joel Castaneda-Dominguez; Lawrence Edward Cecil; Issac Houston Chase; Victor Chavarria; Paul Cleaver; Thomas Ricky Coker; Kenya Dyone Collins; Michael Ray Combs; Kenneth Ray Cook; Larry Nathaniel Clinton, Jr.; Kenneth B. Cloud; Richard Copley; Howard Corley, Jr.; Jeffrey G. Crissman; Jimmy Carl Criswell; Thomas Cross; Francisco Cruz; James Michael Cullity; Kabik Daam; Wilson M. Dagaye; David Davila; Michael Scott Davis; Jermey Leonard Dawson; Perry A. Deeke; David Andrew Delisi; Louis James Dietry; John Michael Doss; Steven Dubinsky; Luis Duran Saldivar; Carl Eberhardt; Harcourt P. Edgecombe; Douglas Allen Elbon; Terry Lee Elkins; Paul Terry Elliott, Jr.; Mark C. Eure; Seth Fezatte; Roscoe W. Forman; Anthony Frank; Nathaniel Anthony Frazier, Jr.; Ernest G. Fulp, Jr.; Peter Liyayi Gaitano; Jose Garcia-Gonzalez; JoAnna Hancock Geddings; Clair Henry Gilmore, Jr.; Fred Glass, III; John Christopher Glover; Jean Marie Gogolin; Steven Scott Goodman; Tamaro R. Graham; Eric Franklin Green; August William Grow; Gary Eugene Gude; Debra Paula Gugle; Fardrel J. Guice; Shaun Phillip Guthrie; Randy Halcomb; Kathleen M. Hallmark; D'Andre LeMare Handy; John Robert Hardin; Robert William Herrmann; Gail Marie Hess; Annette Fay Holder; Charles Roy Honacher; Michael Hossler; Robert Edward Howes; Brett Allen Huckstep; Byron Huffin; Loman Hutchings; Delandos Jackson; Morris Jacobs, Jr.; Daniel Jefferson; Ciera Lillian Jenkins; Darrell Wayne Johnson; David Allen Jones; Michael T. Jones; Willie Lee Jones, Sr.; Michael A. Karpouskas; Behzad Kazemiseresht; Gary Ward Kennerly; Kristopher Kibby; Ronald L. Kilpatrick; Nathan Phillip Koehler;

Michael Kovacsi; Timothy Michael Kyser; Martha L. Lantz; Alonza David Lee; Guertho Lemorin; Darran LaVan Lewis; Joshua Brooke Lipham; Russell E. Lourwood; Paul Lowe; Stacey Marie Lowe; Krystel Lucas; Kevin L. Maehrer; Jonathan Michael Magnuson; James Mancuso; Jeremy L. Maness; Thomas C. Marchione; William Clyde Marks; David Jacob Marrs; Norrek McCarty; Matthew Jay McDaniel; David Andrew McDevitt; Samuel Ray McMillian; Doug Anthony McSwain; Jack Dean Michael; Steven Richard Milstead; Robert John Monroe; Carl Montgomery; Gary C. Montgomery; Debra A. Moore; Michael W. Moore; Clell Morgan, II; John Anthony Morris; Michael Wayne Murray; Lorene Musabelli; Nathan Joel Nadell; Saleh M. Nasser; Chad Michael Newsome; Aaron Jermain Nixon; Luis S. Ogando Colon; Peter B. Oh; Marcus Oscar Orr; Christopher Otto; Donald Wade Owens; Charles D. Paglicco, Jr.; James G. Paige, Jr.; Matthew Pereira; Michael Andrew Pertle; William James Petty, Jr.; Jarrod Scott Pitts; James Matthew Potts; Bryan James Pratt; David Frank Pressley; John Jason Pryor; Joseph Pusateri; Noel Ramirez; Steven M. Ramsey; John Manson Ray; Heath Daniel Reams; Jasper U. Reaves; John Reddick; Benjamin Reno; Oscar Reyes; Brandon Richard; Gregory Scott Vian Risdon; Clarence Robinson; Rayo Emmiito Robinson; Barney Robson; Brandon Roldan; William Thomas Roop; Curtis Ryals; Nickilas Sams; Franklin L. Schmidt, III; Barbara Ann Scoby; Joseph Franklin Scott; Robert A. Scott, III; Vernon B. Seaborn, Jr.; Michael A. Sederquist; Phillip Wayne Senecal; Guillermo Serrano-Lopez; Pablo A. Serrano-Lopez; Charles Shackelford; Katherine P. Shoemaker; Howard Arthur Singer; Harpal Singh; Dennis Dean Smith; Kyle Anthony Smith; Randy Shane Smith; Timothy Leonardo Smith; Quitz Snider; Richard Adam Solomon; Roman Stelter; Winston Stewart; Shawn Michael Stone; Derick Lynn Sullins; James Julian Alan Surrency; Tim Swadley; George A. Tapia; Shannon Leigh Terry; Noulieng Thisanakone; Dan Vilaythong; Erick Thompkins; Brennon Thompson; Stephen Loyd Tillerson; David Wright Tillman; Kevin Toll; Richard F. Torrisi; Jeffrey S. Torsrud; Gregory D. Trent; Jose Valentine; Luanne Santoro Voght; Wayne Woodrow Waite; David C. Waldron; Marisa Sabrinda Walker; Robert Wallace; Lance Wallace; Patrick Mark Walters; Steven Anthony Wasson; Joseph Kane Weatherford; Derrick Earl Webb; Stacey Webb; Trey Anthony Webber; Keeley Wheeler, Jr.; Johnny Keith White; Kacy Fonteze Williams; Tiffany Nicole Williams; Steven M. Willis; Reia Winn; Marlon Dewayne Witcham; Devon Terelle Wofford; William Wood; Mark Antonio Woods; Warren R. Wright; Carisma Concetta Weiss; Robert Lee Plunkett

*Plaintiffs - Appellants*

v.

-2-

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellees*

------------------------------

Philip Petrone; Brian Pankz, on behalf of himself and all those similarly situated; Stewart Fisher, on behalf of himself and all those similarly situated; Jasbir Singh, on behalf of himself and all those similarly situated

*Plaintiffs - Appellants*

v.

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellees*

———————————————

No. 23-2216

———————————————

Philip Petrone; Stewart Fisher; Jasbir Singh; Brian Pankz; Jason Dewayne Gunn; Ahmad Abdinasir; Adam F. Akhalu; Latoshia Denise Anderson; Derek C. Anglero; Alan Blane Arthur; Christopher Ayala; Timothy McCabe Bailey; Csaba G. Barabas; Henry Barentine; Joseph E. Barker; Diego Barraza; Richard Clair Bash; Terry Lee Batko; Elizabeth Baumgartel; Jeremy Alfred Bennett; Gary M. Bernstine; Stacy Lynn Bluebird; Rafarel K. Boadu; Damien Marcus Boyer; Christina Bradley; Elias Bratcher; Justin Bristol; Karl Matthew Emerson; Scott A. Larrow; Steve N. Neely; Tonya McDonald; Micheal Anthony Brooks; Nicholas Brown; Olivia Bryant; Lawrence F. Bunkowski; David Burgess; Steven Dale Burgess; Justin Burkholder; Richard Calvert; Johnny Carter; Brett Carty; Joel Castaneda-Dominguez; Lawrence Edward Cecil; Issac Houston Chase; Victor Chavarria; Paul Cleaver; Larry Nathaniel Clinton, Jr.; Kenneth B. Cloud; Thomas Ricky Coker; Kenya Dyone Collins; Michael Ray Combs; Kenneth Ray Cook; Richard Copley; Howard Corley, Jr.; Jeffrey G. Crissman; Jimmy Carl Criswell; Thomas Cross; Francisco Cruz; James Michael Cullity; Kabik Daam; Wilson M.

Dagaye; David Davila; Michael Scott Davis; Jermey Leonard Dawson; Perry A. Deeke; David Andrew Delisi; Louis James Dietry; John Michael Doss; Steven Dubinsky; Luis Duran Saldivar; Carl Eberhardt; Harcourt P. Edgecombe; Douglas Allen Elbon; Terry Lee Elkins; Paul Terry Elliott, Jr.; Mark C. Eure; Seth Fezatte; Roscoe W. Forman; Anthony Frank; Nathaniel Anthony Frazier, Jr.; Ernest G. Fulp, Jr.; Peter Liyayi Gaitano; Jose Garcia-Gonzalez; JoAnna Hancock Geddings; Clair Henry Gilmore, Jr.; Fred Glass, III; John Christopher Glover; Jean Marie Gogolin; Steven Scott Goodman; Tamaro R. Graham; Eric Franklin Green; August William Grow; Gary Eugene Gude; Debra Paula Gugle; Fardrel J. Guice; Shaun Phillip Guthrie; Randy Halcomb; Kathleen M. Hallmark; D'Andre LeMare Handy; John Robert Hardin; Robert William Herrmann; Gail Marie Hess; Annette Fay Holder; Charles Roy Honacher; Michael Hossler; Robert Edward Howes; Brett Allen Huckstep; Byron Huffin; Loman Hutchings; Delandos Jackson; Morris Jacobs, Jr.; Daniel Jefferson; Ciera Lillian Jenkins; Darrell Wayne Johnson; David Allen Jones; Michael T. Jones; Willie Lee Jones, Sr.; Michael A. Karpouskas; Behzad Kazemiseresht; Gary Ward Kennerly; Kristopher Kibby; Ronald L. Kilpatrick; Nathan Phillip Koehler; Michael Kovacsi; Timothy Michael Kyser; Martha L. Lantz; Alonza David Lee; Guertho Lemorin; Darran LaVan Lewis; Joshua Brooke Lipham; Russell E. Lourwood; Paul Lowe; Stacey Marie Lowe; Krystel Lucas; Kevin L. Maehrer; Jonathan Michael Magnuson; James Mancuso; Jeremy L. Maness; Thomas C. Marchione; William Clyde Marks; David Jacob Marrs; Norrek McCarty; Matthew Jay McDaniel; David Andrew McDevitt; Samuel Ray McMillian; Doug Anthony McSwain; Jack Dean Michael; Steven Richard Milstead; Robert John Monroe; Carl Montgomery; Gary C. Montgomery; Debra A. Moore; Michael W. Moore; Clell Morgan, II; John Anthony Morris; Michael Wayne Murray; Lorene Musabelli; Nathan Joel Nadell; Saleh M. Nasser; Chad Michael Newsome; Aaron Jermain Nixon; Luis S. Ogando Colon; Peter B. Oh; Marcus Oscar Orr; Christopher Otto; Donald Wade Owens; Charles D. Paglicco, Jr.; James G. Paige, Jr.; Matthew Pereira; Michael Andrew Pertle; William James Petty, Jr.; Jarrod Scott Pitts; Robert Lee Plunkett; James Matthew Potts; Bryan James Pratt; David Frank Pressley; John Jason Pryor; Joseph Pusateri; Noel Ramirez; Steven M. Ramsey; John Manson Ray; Heath Daniel Reams; Jasper U. Reaves; John Reddick; Benjamin Reno; Oscar Reyes; Brandon Richard; Gregory Scott Vian Risdon; Clarence Robinson; Rayo Emmiito Robinson; Barney Robson; Brandon Roldan; William Thomas Roop; Curtis Ryals; Nickilas Sams; Franklin L. Schmidt, III; Barbara Ann Scoby; Joseph Franklin Scott; Robert A. Scott, III; Vernon B. Seaborn, Jr.; Michael A. Sederquist; Phillip Wayne Senecal; Guillermo Serrano-Lopez; Pablo A. Serrano-Lopez; Charles Shackelford; Katherine P. Shoemaker; Howard Arthur Singer; Harpal Singh; Dennis Dean Smith; Kyle Anthony Smith; Randy Shane Smith; Timothy Leonardo Smith; Quitz

Snider; Richard Adam Solomon; Roman Stelter; Winston Stewart; Shawn Michael Stone; Derick Lynn Sullins; James Julian Alan Surrency; Tim Swadley; George A. Tapia; Shannon Leigh Terry; Noulieng Thisanakone; Dan Vilaythong; Erick Thompkins; Brennon Thompson; Stephen Loyd Tillerson; David Wright Tillman; Kevin Toll; Richard F. Torrisi; Jeffrey S. Torsrud; Gregory D. Trent; Jose Valentine; Luanne Santoro Voght; Wayne Woodrow Waite; David C. Waldron; Marisa Sabrinda Walker; Robert Wallace; Lance Wallace; Patrick Mark Walters; Steven Anthony Wasson; Joseph Kane Weatherford; Derrick Earl Webb; Stacey Webb; Trey Anthony Webber; Keeley Wheeler, Jr.; Johnny Keith White; Kacy Fonteze Williams; Tiffany Nicole Williams; Steven M. Willis; Reia Winn; Marlon Dewayne Witcham; Devon Terelle Wofford; William Wood; Mark Antonio Woods; Warren R. Wright; Carisma Concetta Weiss

*Plaintiffs - Appellees*

v.

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellants*

------------------------------

Philip Petrone; Brian Pankz, on behalf of himself and all those similarly situated; Stewart Fisher, on behalf of himself and all those similarly situated; Jasbir Singh, on behalf of himself and all those similarly situated

*Plaintiffs - Appellees*

v.

Werner Enterprises, Inc., doing business as Werner Trucking; Drivers Management, LLC

*Defendants - Appellants*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha

-5-

_____

Submitted: March 13, 2024
Filed: June 24, 2024
_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

This case, a class action involving claims by commercial truck drivers that they were not paid proper amounts while working for Werner Enterprises, Inc., and Drivers Management, LLC, (collectively Defendants) returns to us a third time. In the first appeal, we vacated a jury verdict in favor of Plaintiffs because the district court improperly amended the scheduling order to allow Plaintiffs to submit an expert report after the deadline. See Petrone v. Werner Enters., Inc. (Petrone I), 940 F.3d 425 (8th Cir. 2019). On remand, the district court entered judgment in favor of Defendants. In the second appeal, we vacated the judgment and remanded to the district court to conduct the requisite analysis regarding whether the expert report should be excluded as a discovery sanction and whether the district court should appoint an independent expert. See Petrone v. Werner Enters., Inc. (Petrone II), 42 F.4th 962 (8th Cir. 2022). On remand, the district court[1] conducted this analysis and concluded that exclusion of Plaintiffs' expert report was the appropriate sanction for its belated disclosure and that appointment of an independent expert was not appropriate. It then entered judgment in favor of Defendants. Plaintiffs now appeal, asserting that the district court erred in this analysis. Defendants cross-appeal, asserting that Plaintiffs' notice of appeal is untimely, requiring dismissal of the appeal. Having jurisdiction under 28 U.S.C. § 1291, we reject Defendants' contention on cross-appeal, and we affirm the judgment of the district court.

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

I.

The underlying facts of this class action and its procedural history have been discussed at length in the earlier iterations of this case on appeal. As <u>Petrone II</u> detailed:

> Plaintiffs filed this action alleging violations of the Fair Labor Standards Act (FLSA) and Nebraska law stemming from an eight-week student-driver training program run by Defendants. Plaintiffs alleged that they were not properly compensated for off-duty time spent on short rest breaks and time spent resting in their trucks' sleeper-berths. After a three-day trial, the jury awarded Plaintiffs $779,127.00 on the short-term break claims and found in favor of Defendants on the sleeper-berth claims. Plaintiffs appealed, challenging various post-trial rulings, while Defendants cross-appealed, challenging the district court's pre-trial rulings, specifically its ruling extending Plaintiffs' deadline to disclose expert reports, which allowed Plaintiffs to submit an otherwise untimely expert report.
>
> As relevant here, Plaintiffs had previously timely submitted an expert report, but after "Defendants' deposition of Plaintiffs' expert 'reveal[ed] considerable flaws in the methodology [used by Plaintiffs' expert] for computing the allegedly uncompensated break and sleeper-berth time,'" Plaintiffs moved, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, to modify the scheduling order to file a supplemental expert report. Determining first that the belated expert report was not a supplemental report and was more appropriately considered a new expert report, the district court then concluded that there was no good cause to amend the scheduling order to allow disclosure of the new report, and the failure to timely file the report was neither substantially justified nor harmless. . . . Nevertheless, the district court noted that "Rule 1 of the Federal Rules of Civil Procedure counsels against complete exclusion of the new information" because it provides "that the rules 'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding'" and "indicate[s] a preference for determination of cases on the merits." Further, because "[t]he corrected information [was] useful and necessary to the disposition of the case on the merits," the district court stated that it was "inclined to invoke the discretion

granted by Rule 37(c) [of the Federal Rules of Civil Procedure] to fashion a lesser sanction than exclusion." The district court thus granted Plaintiffs' motion to extend the disclosure deadline and allowed the new expert report to be timely submitted pursuant to the amended scheduling order.

We resolved Defendants' cross-appeal only, concluding that it was dispositive to the resolution of both appeals. We determined that the district court abused its discretion when it granted Plaintiffs' Rule 16(b) motion to amend the scheduling order to extend the disclosure deadline, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, for expert reports without good cause. We concluded that the district court erred in relying on Rules 1 and 37(c)(1) to extend the deadline for expert disclosures because "by its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use the information 'on a motion, at a hearing, or at a trial[,]'" and "Rule 37(c)(1) says nothing about its applicability when a court considers a motion, pursuant to Rule 16(b), to amend a progression order and extend the deadline for Rule 26 disclosures." Further, because "[t]he jury clearly relied on Plaintiffs' expert's opinion in reaching its $779,127.00 damages award," we could not "say that its award would have been the same without the new information and, therefore, the district court's error was not harmless." Thus, "we vacat[ed] the judgment and remand[ed] the case to the district court for proceedings consistent with [our] opinion."

On remand, Plaintiffs moved for a new trial, asserting that, even without the expert report, they could prove their damages through individual pay and time records. Plaintiffs also sought, pursuant to Rule 37(c)(1), to admit the untimely expert report, asserting that our mandate left the district court with the discretion to do so on remand. In the alternative, Plaintiffs sought a court-appointed expert pursuant to Rule 706 of the Federal Rules of Evidence. Defendants filed a motion for judgment on the mandate, asserting that the only possible outcome in light of the mandate was dismissal with prejudice. The district court denied Plaintiffs' motion, granted Defendants' motion, and dismissed the case with prejudice. The district court concluded that the only evidence of damages that Plaintiffs presented was based on the improperly admitted new expert report, rejected Plaintiffs' contention that they could prove damages through a Rule 1006 of the Federal Rules

of Evidence exhibit summarizing pay and time records for 55,000 class members without expert testimony, and found that the discovery deadlines had lapsed more than 6 years previously and there was not good cause to amend the scheduling order to allow disclosure of the new expert report. The district court also noted that "Plaintiffs have not submitted a Rule 1006 exhibit, nor identified a witness who would prepare it, nor have Defendants deposed this witness about the preparation of the Rule 1006 exhibit." In closing, the district court stated, "Plaintiffs could not have proved damages but for the admission of [the] untimely expert report. Therefore, the only proceeding consistent with the opinion of the Court of Appeals is dismissal of this action with prejudice."

42 F.4th at 966-67 (third alteration added) (citations omitted). In resolving the second appeal, we concluded:

[W]hile the district court properly determined that Plaintiffs could not present evidence of damages through summary evidence pursuant to Rule 1006, it failed to conduct an analysis pursuant to Rule 37(c)(1) and failed to address Plaintiffs' request for appointment of an expert pursuant to Rule 706. These latter two points amount to an abuse of discretion, which requires reversal and vacatur of the judgment.

Id. at 969. Following our remand order, the district court reopened Plaintiffs' motion for a new trial and ordered the parties to submit supplemental briefing regarding whether Plaintiffs' expert report should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1) and whether an expert should be appointed pursuant to Federal Rule of Evidence 706.

After the parties submitted additional briefing, the district court denied Plaintiffs' motion for a new trial, concluding that exclusion of Plaintiffs' untimely expert report was the appropriate sanction under Fed. R. Civ. P 37(c)(1), that the appointment of an expert pursuant to Federal Rule of Evidence 706 was not appropriate, and that Plaintiffs' case must be dismissed with prejudice because they could not prove damages without the expert testimony. With respect to the Federal Rule of Civil Procedure 37(c)(1) analysis, the district court first stated that Rule 37

provides sanctions for an untimely disclosure unless the untimely disclosure was substantially justified or was harmless, before concluding that neither was true. The district court determined that the untimely disclosure was not substantially justified because Plaintiffs' expert could have developed the proper methodology for the expert report before the deadline and also found that the late disclosure was not harmless because it required Defendants to adjust their trial strategy to defend against Plaintiffs' claims. The district court then determined that the proper sanction under Federal Rule of Civil Procedure 37(c)(1) was exclusion of the untimely expert report because "Plaintiffs' effort to take advantage of Defendants' diligence in finding errors in the Plaintiffs' expert's original report and thereby imposing additional costs on Defendants was an unfair maneuver." It concluded that lesser sanctions would not achieve the aims of Federal Rule of Civil Procedure 37's sanctions authority.

The district court then considered Plaintiffs' request for appointment of an expert pursuant to Federal Rule of Evidence 706. The district court noted the discretion of the district court to appoint an expert, that courts rarely exercise this authority, and that appointment of independent experts is permissible where they are to assist the court with complex and difficult issues, before concluding that "the circumstances presented here are not so extraordinary or compelling as to justify appointment of a neutral expert." The district court finally noted that "[b]ecause the Court of Appeals determined that Plaintiffs cannot prove damages in this case without expert evidence and they now have none, it follows that Plaintiffs are not entitled to a new trial and that judgment shall enter in favor of Defendants on all claims." The district court entered judgment in favor of Defendants on January 10, 2023.

On February 6, 2023, Plaintiffs filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 or for relief under Federal Rule of Civil Procedure 60, seeking return of the monetary sanction of $61,222.14 that the district court had imposed against Plaintiffs related to the costs that Defendants incurred in preparing to defend against the improperly admitted expert report at trial.

On February 13, 2023, the district court denied the motion without prejudice because it did not comply with Local Rule 7.1(a)(1)(A), allowing Plaintiffs an extension of seven days to refile their motion with an accompanying brief in compliance with the Local Rule. Seven days later, on February 20, 2023, Plaintiffs did just that.

While that motion was pending, Plaintiffs filed a motion, on March 27, 2023, to extend the deadline for filing a notice of appeal. In this motion, Plaintiffs stated that while they believed the district court intended for the time to file a notice of appeal to be tolled during the pendency of the re-asserted motion, Defendants were likely to argue that the re-asserted motion was improper and untimely because the district court did not have the authority to extend the deadline to file a Federal Rule of Civil Procedure 59 or 60 motion, meaning that the re-asserted motion did not toll the time to file a notice of appeal. Plaintiffs acknowledged that if Defendants were correct in their assertion, the deadline to file a notice of appeal would have expired on March 15, 2023, but asked the district court to extend the deadline to file the notice of appeal.

On April 14, 2023, the district court granted Plaintiffs' re-asserted motion and the motion to extend the deadline to file a notice of appeal. As to the re-asserted motion, the district court granted it to the extent that it ordered Defendants to reimburse Plaintiffs $61,222.14 which had previously been imposed as a sanction. As to the motion for an extension of time to file a notice of appeal, the district court agreed with the parties that the deadline to file a notice of appeal would have expired on March 15, 2023, if the time began to run from the district court's February 13, 2023 order. It then noted that a district court has the authority to extend the time to file a notice of appeal if a party moves for an extension within 30 days of the lapse of the original deadline and concluded that Plaintiffs' motion for an extension was timely. The district court then determined that an extension was warranted because Plaintiffs relied reasonably and in good faith on pronouncements of the district court that the notice of appeal deadline was tolled and because Defendants were not prejudiced by an extension. The district court ultimately extended the deadline 14 days from the date of the order to April 28, 2023. On April 27, 2023, Plaintiffs filed

a notice of appeal arguing that the district court erroneously denied its motion for a new trial and erroneously entered judgment in favor of Defendants. Defendants cross-appealed, asserting that this Court must dismiss Plaintiffs' appeal because their notice of appeal was untimely.

## II.

We begin by considering Defendants' cross-appeal, as it implicates our jurisdiction to hear this appeal. Defendants assert that Plaintiffs failed to file their notice of appeal before the appeal deadline, March 15, 2023, and that the district court erred in extending the deadline because there was no good cause or excusable neglect to allow such an extension. "We review the grant of a motion for leave to appeal out of time for abuse of discretion." Gould ex rel. St. Louis - Kansas City Carpenters Reg'l Council v. Bond, 1 F.4th 583, 588 (8th Cir. 2021).

"[T]he Supreme Court has made 'clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" Williams v. York, 891 F.3d 701, 706 (8th Cir. 2018) (quoting Bowles v. Russell, 551 U.S. 205, 214 (2007)). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, the filing of a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59 or a motion for relief under Federal Rule of Civil Procedure 60 within 28 days of the entry of judgment tolls the 30-day timeframe in Federal Rule of Appellate Procedure 4(a)(1)(A) until "entry of the order disposing of the last such remaining motion." See Fed. R. Civ. P. 59 (providing 28 days from entry of judgment for timely motion to alter or amend judgment); Fed. R. App. P. 4(a)(4)(A)(vi) (stating that Rule 60 motion tolls deadline for notice of appeal provided it is filed within same time frame of Rule 59 motion).

Here, the parties do not dispute that Plaintiffs' February 6, 2023 motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 or for relief under Federal Rule of Civil Procedure 60 was timely because it was filed

-12-

within 28 days after the entry of judgment on January 10, 2023. The district court denied that motion on February 13, 2023 because Plaintiffs failed to comply with a Local Rule, but it did so without prejudice and allowed Plaintiffs an additional seven days to re-assert the motion. However, under Federal Rule of Civil Procedure 6(b)(2), "[a] court must not extend the time to act" for filing a motion under Rules 59(e) and 60(b). The district court thus lacked authority to grant Plaintiffs a 7-day extension, and the 28-day time limit to file the motion lapsed on February 7, 2023. We therefore agree with Defendants that the re-asserted motion was untimely, and it could not have tolled the 30-day time frame to file a notice of appeal. Thus, the relevant date from which the notice of appeal clock began running was February 13, 2023, when the district court denied the timely Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60 motion. As Plaintiffs filed their notice of appeal on April 27, 2023, Defendants assert it is untimely and mandates dismissal of the appeal.

In similar circumstances, this Court has dismissed an appeal for lack of jurisdiction based on an untimely notice of appeal. In Dill v. General American Life Insurance, Co., we held that, where a district court entered an order purporting to extend a party's deadline to file a Federal Rule of Civil Procedure 50(b) motion in violation of Federal Rule of Civil Procedure 6(b)(2), the Rule 50(b) motion that the party filed pursuant to the district court's unauthorized extension order was untimely and did not toll the deadline for filing a notice of appeal. 525 F.3d 612, 620 (8th Cir. 2008). Because the party had not filed its notice of appeal within 30 days of the entry of judgment, this Court lacked jurisdiction and dismissed the appeal. Id. at 620-21. We recognized that dismissal of the appeal was a "harsh and unfortunate result," because the party "relied on the extension granted by the district court," but we noted that the party was "not without fault [because] a simple scan of Rule 6(b)(2) would have provided [the party] notice that the district court lacked authority to grant an extension of time to file the Rule 50(b) motion." Id. at 620.

Although Dill recognizes that an extension of time that a district court grants contrary to Federal Rule of Civil Procedure 6(b)(2) does not toll the deadline to file

a notice of appeal, this is not the end of the inquiry. Here, unlike Dill, Plaintiffs moved for, and the district court granted, an extension of time to file a notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(5)(A), "[t]he district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." In considering whether excusable neglect has occurred, we consider four circumstances: "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Gould, 1 F.4th at 588 (citation omitted). We consider "the movant's reason for missing the deadline . . . 'key to the analysis.' Excusable neglect may include 'late filings caused by inadvertence, mistake, or carelessness.' But 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable neglect."'" Id. (citations omitted). "With regard to determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that 'the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The district court concluded that these factors weighed in favor of granting the extension because the delay was nominal and the impact was minimal; Plaintiffs reasonably relied in good faith on the pronouncements of the district court and the delay in filing the notice of appeal was essentially beyond Plaintiffs' control; and Defendants could not claim prejudice because it would "be unfair for Defendants to lie in the weeds assuming that the February 13, 2023 Order started the time to appeal running, then claim prejudice from a purportedly untimely appeal only after litigating the refiled [m]otion." Because whether to grant a motion for an extension of time is "at bottom an equitable" consideration and the district court took into account "all relevant circumstances," we find no abuse of discretion in the district court's analysis. See Gibbons, 317 F.3d at 854 (quoting Pioneer, 507 U.S. at 395).

-14-

Although Defendants are correct that "a simple scan" of Rule 6(b)(2) would have alerted Plaintiffs that the district court could not extend the time to file their Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60 motion, this fact alone, considered among the district court's balancing of the other factors, does not warrant reversal.

On the record before us, we are satisfied that the district court did not abuse its discretion when it concluded that excusable neglect existed that warranted extension of the deadline to file a notice of appeal. The district court therefore did not err in granting Plaintiffs' motion for an extension of time, and Plaintiffs' appeal is timely.

III.

We now turn to the merits of Plaintiffs' appeal. Plaintiffs assert that the district court erred in denying their motion for a new trial because its Federal Rule of Civil Procedure 37(c)(1) and Federal Rule of Evidence 706 analyses were based on improper factors. Plaintiffs also assert that the district court erred when it sua sponte entered judgment in favor of Defendants without giving any notice to Plaintiffs or affording them the opportunity to respond to the district court's rulings in the order denying the motion for a new trial. "We review the denial of a motion for a new trial for a 'clear' abuse of discretion, with the key question being whether a new trial is necessary to prevent a miscarriage of justice." Petrone II, 42 F.4th at 968 (citation omitted). "We review the district court's exclusion sanction [pursuant to Federal Rule of Civil Procedure 37(c)(1)] under an abuse of discretion standard." Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 702 (8th Cir. 2018). We also review a district court's decision not to appoint a Federal Rule of Evidence 706 expert for an abuse of discretion. Stevenson v. Windmoeller & Hoelscher Corp., 39 F.4th 466, 469 (7th Cir. 2022).

## A.

We begin with Plaintiffs' argument regarding the district court's Federal Rule of Civil Procedure 37(c)(1) analysis. Where a party fails to timely disclose an expert report in violation of Federal Rule of Civil Procedure 26(a), the district court, pursuant to Federal Rule of Civil Procedure 37(c)(1), has "the authority to exclude the late-disclosed materials or to fashion a lesser penalty than total exclusion." Vogt v. State Farm Life Ins. Co., 963 F.3d 753, 771 (8th Cir. 2020). "In other words, if a party does not satisfy the expert disclosure requirements in Rule 26(a)(2), the undisclosed information or expert is excluded unless the failure was substantially justified or harmless. However, the district court may, on a party's motion, impose an additional or alternative sanction." Vanderberg, 906 F.3d at 703. "When fashioning a remedy," whether it be exclusion or a lesser sanction, "the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008).

The district court did not abuse its discretion when it concluded that the Rule 37(c)(1) analysis warranted exclusion of the late-disclosed expert report. First, the district court considered the threshold issues of substantial justification and harmlessness. In concluding that the late disclosure was not substantially justified, the district court noted the earlier rulings in the case that the failure to timely disclose was not substantially justified before stating that "Plaintiffs still have no reasonable excuse" for the deficiencies in the original expert report that led to its untimely filing. The district court concluded that "Plaintiffs' expert had the information and could have developed a proper methodology before the deadline, so Plaintiffs' untimely disclosure of their expert's pertinent opinions was not substantially justified." As to whether the late disclosure was harmless, the district court noted that "'harmlessness' turns on whether the opposing party is prejudiced by the untimely disclosure," concluding that "prejudice arises from Defendants' reliance on the existing record to prepare for trial and to assert Plaintiffs' lack of admissible

-16-

evidence of damages, as well as the delay of the trial, the additional expense, and the duplication of effort to which the untimely report subjected Defendants." We find no error in the district court's thorough analysis of these factors; it properly weighed the relevant considerations before concluding that each factor weighed in favor of a sanction.

The district court then considered the factors, as stated in Wegener, to determine the appropriate sanction. The district court acknowledged its "wide discretion" to fashion an appropriate sanction, before concluding that "Plaintiffs have offered no adequate 'reason for noncompliance,'" relying on "essentially the same reasons" it offered when it earlier concluded that the untimely disclosure was not substantially justified. The district court then concluded that the late disclosure prejudiced Defendants for largely the same reasons that it concluded the late disclosure was not harmless. The district court further found that "the untimely information would have—and did in fact—disrupt the order and efficiency of the original trial" by causing delays, similarly concluding that "'re-progressing' a new trial will cause further delay and expense." The district court then noted that the parties agreed that the untimely expert report was important to the overall case, as it was required for Plaintiff to prove damages, before concluding that, although this was important evidence, "[n]othing in the language of Rule 37(c)(1) suggests that if the untimely disclosed evidence is 'crucial,' a lesser sanction than exclusion should follow, and that has not been the view or uniform practice of the Eighth Circuit Court of Appeals." After considering each of these factors, the district court concluded "that the provision for lesser sanctions than exclusion under Rule 37(c)(1) should not be invoked," and "that a lesser sanction is not appropriate for Plaintiffs' untimely disclosure of expert evidence and that such evidence must be excluded." We see no abuse of discretion in this analysis, as the district court properly walked through the relevant factors and exercised its considerable discretion in concluding that exclusion was the appropriate sanction.

Plaintiffs offer a host of reasons to demonstrate that the district court abused its discretion, but each falls flat in light of the district court's considered analysis.

-17-

First, to the extent Plaintiffs assert the nature of the claims they pursue demand a different result, the type of claims is irrelevant to the district court's Federal Rule of Civil Procedure 37(c)(1) analysis. Second, to the extent Plaintiffs assert that the district court conflated the threshold factors of substantial justification and harmlessness with the factors to consider in fashioning a sanction, this is clearly belied by the record. That the district court recognized overlap between the threshold factors and some of the sanction factors does not amount to legal error. Further, the record also demonstrates that the district court did not, as Plaintiffs suggest, treat the factors as bright-line rules rather than factors to be considered in totality. Third, the district court provided clear reasoning as to why the late disclosure was not substantially justified, including that it did not credit Plaintiffs' assertion that computation errors resulted from the fact that it was Defendants' obligation to keep accurate wage records.

Fourth, the district court did not err by failing to recognize that "to err is human," as this is not a relevant factor in the Federal Rule of Civil Procedure 37(c)(1) analysis. Finally, the district court did not unduly emphasize the age of the case or improperly "prejudge" that exclusion of the expert testimony would result in judgment in favor of Defendants. While the district court generally remarked on the age of the case in its order denying the motion for a new trial, this did not form the basis of the district court's decision regarding the prejudice Defendants suffered from the late disclosure, as demonstrated by the record. And the district court did not make any prejudgment about the effect of exclusion; it merely recognized that this Court previously held that "without expert testimony, Plaintiffs would be unable to prove damages," and did so only after conducting the requisite Rule 37(c)(1) analysis. The district court thus did not err in excluding the expert report pursuant to Federal Rule of Civil Procedure 37(c)(1) and denying Plaintiffs' motion for a new trial on this basis.

B.

Turning to the district court's Federal Rule of Evidence 706 analysis, under this rule, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed." "This rule codifies the inherent power of a trial judge to appoint an expert who will function as a neutral expert serving the court rather than any particular party." Stevenson, 39 F.4th at 468. A district court has "'considerable discretion in deciding whether to appoint an expert pursuant to Rule 706 . . . .' 'Nevertheless, courts rarely exercise their authority under Rule 706, requiring extraordinary and compelling circumstances to justify appointing an expert witness under this rule.'" Young v. Mayor of City of St. Louis, No. 21-CV-776 RLW, 2022 WL 1591889, at *2 (E.D. Mo. May 19, 2022) (citations omitted) (collecting cases). "The purpose of a court-appointed expert is to assist the court in evaluating the evidence or deciding a fact in issue." Stevenson, 39 F.4th at 469. Circumstances where an expert may be appropriate include:

> resolv[ing] the clash of . . . warring party experts, to help the court evaluate the admissibility of a party's proffered expert opinion, to address ambiguities, confusion, or contradictions within the parties' opinion evidence, to supply an additional, independent viewpoint when one party has, whether for lack of resources or another reason, omitted to present expert opinion in support of its case, resulting in an incomplete or inadequate exposition of the issues, or to supply expert guidance that the parties themselves have neglected to provide on points that are material to the court's decision.

Id. at 469-70 (second alteration in original) (citations omitted).

Under this framework, the district court did not abuse its discretion in concluding that no extraordinary or compelling circumstances warranted appointment of a Federal Rule of Evidence 706 expert. The district court recognized that this case presented complicated issues and that, without expert testimony, Plaintiffs could not prove damages. However, the district court determined that appointment of an expert was not appropriate, particularly because the fact that

Plaintiffs needed appointed expert testimony on damages was "the result of Plaintiffs' neglect," for which they had no justification.  The district court concluded that "this is a situation in which the lack of a partisan expert opinion to substantiate Plaintiffs' damages arises from Plaintiffs' failure to make a timely disclosure of their essential expert's opinion, which simply does not warrant the Court's appointment of an expert."  We do not find that this conclusion is an abuse of discretion.

We are unpersuaded by Plaintiffs' contention that the district court considered improper factors in conducting this analysis.  Contrary to Plaintiffs' assertions, the district did not read in a requirement that the need for an expert be "substantially justified."  The district court instead merely concluded that, on the record before it, the circumstances were not sufficiently extraordinary or compelling to warrant the appointment of an expert.  Further, the district court's statement that appointing an expert "would seriously undermine the Court's neutrality because the court would be undoing the 'default' and appropriate sanction," was not an improper consideration, particularly given that "[a]lthough the rule permits a party to move for the appointment of an expert, the language of the rule envisions a neutral expert." Stevenson, 39 F.4th at 470.  Finally, to the extent Plaintiffs argue that the district court erred in considering the neutrality of an expert because doing so runs counter to precedent regarding the burden of proof for FLSA damages, we again note that Rule 706 envisions a neutral expert and that any argument regarding a party's burden to prove damages is irrelevant to the overall consideration of whether a neutral expert is needed to assist the district court with difficult and complex issues.  The district court thus did not err in declining to appoint an expert pursuant to Federal Rule of Evidence 706 and denying Plaintiffs' motion for a new trial on this basis.

C.

Finally, we consider Plaintiffs' claim that even if the district court properly ruled against them with respect to the Federal Rule of Civil Procedure 37(c)(1) and Federal Rule of Evidence 706 analyses, it still was improper for the district court to sua sponte enter judgment in favor of Defendants.  Relying on Federal Rule of Civil

-20-

Procedure 56(f), which provides that "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute," Plaintiffs assert that the district court could not enter summary judgment sua sponte without giving Plaintiffs notice and an opportunity to respond.

Plaintiffs' argument is misplaced, however, because the district court's entry of judgment was not done as part of pretrial summary judgment proceedings; rather, the district court entered judgment after concluding that the expert report should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1) and that no expert should be appointed pursuant to Federal Rule of Evidence 706, and, in the absence of expert testimony, Plaintiffs could not prove damages. This is consistent with our previous statement in Petrone II that "[t]he district court did not err in concluding that, without expert testimony, Plaintiffs would be unable to prove damages." 42 F.4th at 969. With Plaintiffs unable to prove damages, all that remained after the district court made this determination and denied Plaintiffs' motion for a new trial was to enter judgment in favor of Defendants. And, in any event, we also note that the district court, on second remand, reopened Plaintiffs' motion for a new trial and ordered supplemental briefing. Given that the district court gave both parties the opportunity to provide additional briefing on the dispositive issues, we cannot say that Plaintiffs were not given notice or an opportunity to be heard. Cf. Chrysler Corp. v. Carey, 186 F.3d 1016, 1022-23 (8th Cir. 1999) (concluding that, in the context of discovery sanctions, party had been given sufficient notice to satisfy due process when district court alerted counsel to issue giving rise to sanction and permitted counsel to provide argument to the court). We conclude that the district court did not err in entering judgment in favor of Defendants.

IV.

For the foregoing reasons, we affirm the judgment of the district court.

_____

-21-