*Gomez v. Cullen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

Jorge Gomez,

> *Plaintiff-Appellant*,

> v.

J.B. Foster, HSA, K. Sorrell, United States of America,

> *Defendants-Appellees*

Thomas Cullen, D.O, Ryan Parkyn, HSA, Bureau of Prisons, B. Zalno, John Doe, FCI Ray Brook Food Service Administrator, George Robinson, FKA John Doe,

> *Defendants*.

24-906 (L)
24-1455 (Con)

FOR PLAINTIFF-APPELLANT: Jorge Gomez, pro se, Fairton, NJ.

FOR DEFENDANTS-APPELLEES: Emer M. Stack, Assistant United States Attorney, of counsel, for Carla B. Freedman, United States Attorney for the Northen District of New York, Syracuse, NY.

Appeals from a judgment and an order of the United States District Court for the Northern District of New York (Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court and the order denying reconsideration are **AFFIRMED IN PART, VACATED IN PART,** and the matter is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Jorge Gomez, representing himself, appeals from the district court's order granting summary judgment to Defendants-Appellees J.B. Foster, K. Sorrell, and the United States and from the court's denial of reconsideration of that order. Gomez sued the defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), claiming that medical staff at FCI Ray Brook failed to provide him with proper medical care for his gastrointestinal illness. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review the district court's grant of summary judgment as to Gomez's claims without deference to the district court's reasoning, construing all ambiguities and drawing all reasonable inferences against the moving party. *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015). The district court's denial of Gomez's motions for appointment of counsel and an expert witness are reviewed for abuse of discretion. *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68–69 (2d Cir. 2011) (appointment of counsel); *Scott v. Spanjer Bros., Inc.*, 298 F.2d 928, 930–31 (2d Cir. 1962) (appointment of expert).

We affirm as to the district court's dismissal of Gomez's *Bivens* claims and the denial of reconsideration as to those claims on the ground that the record, viewed in the light most favorable to Gomez, showed that he failed to exhaust his administrative remedies prior to filing his *Bivens* claims.

However, the district court erred in granting summary judgment as to Gomez's FTCA claim and denying reconsideration of it because the record was not appropriately developed. During discovery, Gomez moved for appointment of counsel and appointment of an expert witness. He asserted that he needed the assistance of counsel to retain a medical expert and that he needed expert testimony to establish a prima facie case of malpractice. Moreover, the record revealed that, although Gomez was able to litigate other parts of his claim, he struggled to navigate the discovery process without a lawyer's help. For example, Gomez did not depose the defendants' witnesses or

3

subpoena his treating physicians.

Under these circumstances, the district court exceeded its discretion in declining to appoint counsel for Gomez because his FTCA claim had substantial merit on its face, turned on the credibility of the parties' witnesses, and Gomez faced substantial problems in developing the facts that were necessary to resolve his claims. *See Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011).

Further, the district court exceeded its discretion by denying Gomez's motion for appointment of an expert witness without providing reasoned consideration of that motion. In denying Gomez's motion for appointment of an expert, the magistrate judge stated only that Gomez's requested relief was not warranted. The district court then affirmed the magistrate judge's decision without explaining its reasoning. However, as other Circuits recognize, the magistrate judge and the district court should have provided a reasoned analysis explaining why, under the circumstances here, the appointment of an expert was not warranted. *See Petrone v. Werner Enterprises, Inc.*, 42 F.4th 962, 969 (8th Cir. 2022) ("While the district court has discretion to decide whether to appoint such an expert . . . it cannot decline to decide the issue."); *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996) ("Steele invoked an exercise of [Rule 706] discretion and was entitled to a reasoned ruling upon it."). In the absence of such reasoned consideration, the district court abused its discretion by denying Gomez's motion for appointment of an expert.

Accordingly, we **AFFIRM IN PART** as to the dismissal of Gomez's *Bivens* claims

and the denial of reconsideration as to those claims, and **VACATE IN PART AND REMAND** as to the dismissal of Gomez's FTCA medical malpractice claim and the denial of reconsideration of that claim.   On remand, we **ORDER** the district court to appoint counsel to represent Gomez, to reopen discovery so that Gomez's new counsel may develop the record, and instruct the district court to consider whether to appoint a neutral expert witness to review whether Gomez's care at FCI Ray Brook violated the applicable standard of care.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court